142 N.J. Super. 251 (1976)
361 A.2d 91
FURNIVAL MACHINERY COMPANY, PLAINTIFF-APPELLANT,
v.
WILLIAM H. KING AND STANLEY LAPINSKI, INDIVIDUALLY, T/A LAKING CONSTRUCTION CO., AND LAKING CONSTRUCTION CO., INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 2, 1976.
Decided June 9, 1976.
*252 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. Sherwin Drobner argued the cause for appellant (Messrs. Bloom, Drobner and Javerbaum, attorneys).
*253 Mr. Jeffrey M. Martin argued the cause for defendant-respondent Lapinski.
The opinion of the court was delivered by KOLOVSKY, P.J.A.D.
On October 21, 1968 a judgment for $5,915.92 was entered herein in favor of plaintiff against all three defendants. Defendant Stanley Lapinski (Stanley) and Teresa, his wife, then owned, as tenants by the entirety, two tracts of land in Hunterdon County, one in Lebanon, the other in Raritan.
It is conceded that plaintiff's judgment, from the time of its entry, became a lien on Stanley's interest in those properties, N.J.S.A. 2A:16-1, and that his interest as tenant by the entirety could be levied upon and sold under execution. King v. Greene, 30 N.J. 395, 412-413 (1959); Newman v. Chase, 70 N.J. 254 (1976).
Plaintiff appeals from an order entered June 21, 1974, under the purported authority of N.J.S.A. 2A:16-49.1, cancelling and discharging, as against Stanley, both the judgment and the lien thereof[1] because Stanley had been adjudicated bankrupt on October 22, 1970 and had received his discharge in bankruptcy on March 12, 1971.[2]
We reverse so much of the trial court's determination as cancelled and discharged the lien of plaintiff's judgment on Stanley's interest in the two properties because Stanley's discharge in bankruptcy did not affect the continued viability *254 of the lien and the destruction thereof is not authorized by N.J.S.A. 2A:16-49.1.
Stanley's suggestion that the lien became ineffective by reason of the bankruptcy proceedings, even without resort to the cited statute, lacks substance. Neither the judgment nor the lien thereof was subject to attack under 11 U.S.C.A. § 107(a) (1) since the judgment was entered more than four months prior to the adjudication in bankruptcy. In those circumstances Stanley's trustee in bankruptcy became vested with only such title as Stanley had at the date of the filing of the petition in bankruptcy, 11 U.S.C.A. § 110 (a), a title which was subject to the lien of plaintiff's judgment.
Further, while the discharge in bankruptcy relieved Stanley of any personal liability to pay plaintiff's judgment, it had no effect on the lien thereof on his interest in the two properties. Kobrin v. Drazin, 97 N.J. Eq. 400, 402 (Ch. 1925); Bassett v. Thackara, 72 N.J.L. 81 (Sup. Ct. 1905); 1A Collier on Bankruptcy, (14 ed. 1943), § 17.29. Apposite are the court's comments in Kobrin v. Drazin, supra:
None of the liens of the judgments was, of course, affected by the discharge in bankruptcy of the judgment debtors. The discharge relieved them of personal liability only; the liens on the land remained.
The rule is stated in Collier on Bankruptcy, supra, as follows:
A discharge, being personal in character, releases the bankrupt's personal liability only. It follows, therefore, that a valid lien on property of the bankrupt existing at the time of the adjudication in bankruptcy, which is not avoided by the Bankruptcy Act, may be enforced notwithstanding the discharge of the bankrupt. So also a judgment evidencing a lien is not affected by a discharge except as to the personal liability it imposes upon the bankrupt. [at 1742.7 (3)]
The lien of the judgment was not affected by the fact that Stanley's interest in the two properties was sold to his *255 wife Teresa for $200 by Stanley's trustee in bankruptcy. That conveyance was made pursuant to an order entered by the referee in bankruptcy authorizing the sale of the trustee's "right, title and interest in and to [the premises], subject to all outstanding liens and encumbrances."
The sale did not purport to be, nor was it, a sale free and clear of liens and encumbrances, with provision for transfer of the liens to the proceeds of the sale. Cf. 9 Am. Jur.2d, Bankruptcy, § 1226. Teresa acquired and held the interest conveyed to her by the trustee in bankruptcy subject to the preexisting lien of plaintiff's judgment.
The continued existence of the lien for the statutory period of 20 years, N.J.S.A. 2A:14-5, was not affected by the fact that one of the properties was thereafter sold by Teresa to a third party. The latter was chargeable with constructive notice of the lien.[3] There is no merit to defendant's argument, presented without any supporting authority, that enforcement of the lien against the purchaser is barred because plaintiff had not theretofore proceeded to a sale under a writ of execution. "Writs of execution affect, not the lien, but the priority of liens as between holders of judgments." Kobrin v. Drazin, supra, 97 N.J. Eq. at 402.
We turn next to a consideration of N.J.S.A. 2A:16-49.1 upon which the trial court relied. That section, originally enacted as L. 1967, c. 151, reads as follows:
At any time after 1 year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, or to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order shall be made directing said judgment to be canceled and discharged of record; *256 and thereupon the clerk of said court shall cancel and discharge the same by entering on the record or in the margin of the record of judgment, that the same is canceled and discharged by order of the court, giving the date of entry of the order of discharge. Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy. Notice of the application, accompanied with copies of the papers upon which it is made, must be served upon the judgment creditor, or his attorney of record in said judgment, in the manner prescribed in R.R. 4:5-1, et cetera, of The Revision of the Rules Governing the Courts of the State of New Jersey (1953); provided, however, nothing herein contained shall prevent said judgment notwithstanding such discharge of record from being used as a set-off in any action in which it otherwise could be used.
Defendant argues that support for the ruling of the trial court is to be found in the statement attached to the bill which became L. 1967, c. 151, that its purpose was "to give the bankrupt a fresh start in life."
However, that purpose is not served by the interpretation adopted and the relief granted by the trial court releasing, from the lien of plaintiff's judgment, property in which the bankrupt ceased to have an interest once he had been adjudicated bankrupt. The continued existence of the lien on that property does not affect the bankrupt's ability to get "a fresh start in life." The statutory purpose was fully accomplished by the provisions which authorize cancellation of the judgment, thus preventing the judgment from becoming a lien on after-acquired property and preventing issuance of execution on the prior judgment to seize assets acquired by the debtor since the bankruptcy. The statute does not authorize an order destroying the lien which the judgment creditor had acquired prior to the bankruptcy on property owned by the bankrupt prior to his adjudication.
Plaintiff also appeals from so much of the order of June 21, 1974 as denied its motion to compel the Sheriff of Hunterdon County to proceed with a sale under the levy he had *257 made on September 2, 1969 on Stanley's right, title and interest in the Lebanon and Raritan properties.
That levy had been made under the authority of a writ of execution issued at plaintiff's request, dated August 6, 1969 and returnable three months thereafter. Cf. R. 4:59-1.
For a reason which the record does not disclose,[4] the sheriff did not proceed to sale under that levy. Instead, on December 17, 1969 he returned the writ of execution into court, marked "unsatisfied," with a copy of the levy attached.
Thereafter, under date of October 19, 1973, an alias execution issued and was delivered to the sheriff by plaintiff's attorney with a request that he levy on Stanley's interest in the Raritan property. The writ was returned by the sheriff with the notation "no assets available on which to levy." He wrote plaintiff's attorney that his return was based on the fact that Stanley's interest had been conveyed by his trustee in bankruptcy to Teresa.
Then followed plaintiff's motion, returnable December 14, 1973, for an order compelling the sheriff "to continue with the Sheriff's Sale pursuant to the levy dated August 6, 1969 [sic]." Stanley countered with his motion for cancellation under N.J.S.A. 2A:16-49.1, with the results hereinbefore noted.
We perceive no merit in plaintiff's appeal from the denial of its motion to compel the sheriff to proceed to sale under the levy made on September 2, 1969 (not August 6, 1969). That levy was made under a writ of execution which had been returned marked "unsatisfied" on December 17, 1969. There is no warrant for plaintiff's attempt, four years later, to attack the propriety of that return and to urge the continued viability of the September 2, 1969 levy  particularly since plaintiff thereafter caused an alias writ of execution *258 to issue. Cf. Schneider v. Schmidt, 86 N.J. Eq. 366 (Ch. 1916); Fredd v. Darnell, 107 N.J. Eq. 249 (Ch. 1930).
In view of our ruling reversing the cancellation of plaintiff's judgment lien, the remedy presently available to plaintiff is to cause another alias writ of execution to issue and to direct the sheriff to proceed to levy on and sell Stanley's right, title and interest in the Lebanon and Raritan properties. Cf. N.J.S.A. 2A:17-3.
The sheriff will have no alternative but to levy and sell as directed by plaintiff's attorney. He may not, as he did in returning the alias writ of October 19, 1973, make a determination of whether or not Stanley had an interest in the real property on which he has been directed to levy.
Further, and in any event, the intervening sale of Stanley's interest by his trustee in bankruptcy had no effect on the interests subject to sale in enforcement of the judgment lien. A sheriff's sale in enforcement of that lien and the deed delivered pursuant thereto will vest in the purchaser at the sheriff's sale, despite the conveyances of the properties since the judgment was entered,
* * * as good and perfect an estate to the premises therein described as the execution debtor was seized of or entitled to at or before the judgment for the enforcement of which the execution issued, as fully to all intents and purposes as if the execution defendant had sold such real estate to such purchaser, and had received the consideration money and signed, sealed and delivered a deed for the same. [N.J.S.A. 2A:17-41]
So much of the order of June 21, 1974 as denied plaintiff's motion to compel the sheriff to proceed to sale under the levy made September 2, 1969 is affirmed.
So much of that order as granted the motion of defendant Stanley Lapinski to cancel and discharge the judgment of record as against him is set aside. The cause is remanded to the trial court for entry of a revised order cancelling the judgment of record specifically providing that the cancellation of the judgment does not and will not affect (1) plaintiff's *259 lien on any real property in which Stanley had an interest on the date plaintiff's judgment was entered nor (2) plaintiff's right to cause a writ of execution to issue for a levy on and sale of such interest.
NOTES
[1] The language of the order merely cancels and discharges of record the judgment "pursuant to the provisions of N.J.S.A. 2A:16-49.1," but the trial judge, in his oral opinion, ruled that since the judgment was discharged in bankruptcy, "the lien [thereof] has no further force or validity following the discharge in bankruptcy."
[2] Plaintiff also challenges so much of the order as denied its motion to compel the Sheriff of Hunterdon County to proceed to sale of Stanley's interest in the two properties under a levy he had made on September 9, 1969. That aspect of the appeal will be dealt with later in this opinion.
[3] Defendant's attorney advises that the title company which insured the third party's title retained him to defend on this appeal.
[4] However, defendant's brief states that plaintiff had failed to send the sheriff the deposit required to be made before the sale would be advertised.