236 N.J. Super. 236 (1989)
565 A.2d 702
ASSOCIATES COMMERCIAL CORPORATION, PLAINTIFF-RESPONDENT,
v.
SHEBA LANGSTON, DEFENDANT-APPELLANT, AND JAMES LANGSTON, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1989.
Decided September 15, 1989.
*238 Before Judges KING and SKILLMAN.
David Paul Daniels argued the cause for appellant.
Bari J. Gambacorta argued the cause for respondent (Farr, Wolf & Lyons, attorneys; Daniel Posternock, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
On July 12, 1978, plaintiff secured a judgment of $15,824.34 against defendants Sheba and James Langston, who are mother and son.[1] On January 13, 1981, Sheba Langston filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, listing plaintiff as one of her creditors. Defendant made all necessary payments pursuant to the Chapter 13 plan and on July 14, 1983 she received a release from all debts dischargeable under the 1978 Bankruptcy Code as well as all judgments establishing liability for those debts. Defendant's indebtedness to plaintiff was discharged through this order. However, defendant *239 failed to petition the bankruptcy court to cancel the lien on defendant's residence created as a result of the judgment. Consequently, when defendant and her husband entered into a contract in 1987 to sell the property, a title search revealed the unsatisfied judgment and defendant was required to escrow the amount of the judgment at closing.
Subsequently, defendant filed a motion with the bankruptcy court for an order reopening her bankruptcy proceeding and discharging judicial liens of record. However, defendant withdrew the motion after the bankruptcy court expressed doubt whether it could grant relief in view of the conveyance of the property to a third party.
Defendant then filed a motion seeking discharge in the trial court which entered the judgment. The trial court vacated the judgment but refused to discharge the lien derived from the judgment. Defendant appeals.
Defendant's motion to discharge plaintiff's judgment and the consequent lien on her former residence was based upon N.J.S.A. 2A:16-49.1, which provides in pertinent part as follows:
At any time after 1 year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, or to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order shall be made directing said judgment to be canceled and discharged of record; and thereupon the clerk of said court shall cancel and discharge the same by entering on the record or in the margin of the record of judgment, that the same is canceled and discharged by order of the court, giving the date of entry of the order of discharge. Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy.
*240 The sponsor's statement to the bill which became N.J.S.A. 2A:16-49.1 stated that:
The purpose of this bill is to carry through the intention of the Bankruptcy Act, i.e. to give the bankrupt a fresh start in life. If judgments that have been discharged in bankruptcy are allowed to remain of record, the practical effect may be to require payment at sometime in the future, thereby negating the intended benefits of the bankruptcy proceedings.
It is undisputed that defendant was discharged from her debts pursuant to the federal bankruptcy law, that the discharge included defendant's indebtedness to plaintiff and that defendant waited more than one year before applying to the state court. Therefore, defendant satisfied all the preconditions set forth in the first two sentences of N.J.S.A. 2A:16-49.1 for discharge of the judgment in favor of plaintiff.
In addition, it is undisputed that defendant could have obtained a discharge of the lien during the pendency of the bankruptcy proceedings. The Bankruptcy Code now provides that:
the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is 
(1) a judicial lien.... [11 U.S.C.A. § 522(f)(1)].
The court summarized the effect of this new section in Matter of Clifton, 35 B.R. 785, 788 (Bkrtcy.D.N.J. 1983) as follows:
Under the Bankruptcy Act of 1898, and until the effect date of the Bankruptcy Code of 1978, judicial liens could be avoided by the trustee if they were obtained (1) less than four months before the filing of a petition and (2) while the debtor was insolvent.... On November 6, 1978, the enactment date of the Bankruptcy Code, any judicial lien obtained prior to July 6, 1978 or while the debtor was solvent was therefore unassailable if the debtor had not yet filed a petition. The Bankruptcy Code, however, allowed debtors to avoid these liens to the full extent of their exemptions. ... [Emphasis added].
Because defendant's equity in her property was less than $7,500, her entire interest was exempt under the Bankruptcy Code, 11 U.S.C. § 522(d)(1). Consequently, the lien on her property could have been discharged under § 522(f)(1).[2]
*241 We are satisfied that the fact that defendant could have obtained a discharge of the lien during the pendency of the bankruptcy proceedings means that the lien was "subject to be discharged or released under the provisions of the Bankruptcy Act" within the intent of the third sentence of N.J.S.A. 2A:16-49.1 (emphasis added), even though it was not in fact discharged in the federal bankruptcy proceedings. Indeed, the only occasion for a party to invoke N.J.S.A. 2A:16-49.1 would be where the bankruptcy court has not discharged the judgment and/or the lien.
The conclusion is consistent with the result in Furnival Machinery Co. v. King, 142 N.J. Super. 251 (App.Div. 1976), the case primarily relied upon by plaintiff. Furnival was decided prior to the enactment of the 1978 Bankruptcy Code, at a time when a lien to secure a judgment entered more than four months prior to an adjudication of bankruptcy was not dischargeable. Consequently, a judgment lien acquired more than four months prior to the adjudication of bankruptcy was not "subject to" discharge when Furnival was decided. However, by virtue of the 1978 changes in the federal bankruptcy law, such a lien is now dischargeable. The intent of N.J.S.A. 2A:16-49.1 was to provide a debtor with ancillary remedies within the state court system to assure that judgments intended to be discharged under the federal bankruptcy law would not continue to cloud the marketability of title to property owned by the debtor. Therefore, we construe the phrase "subject to be discharged or released under the provisions of the Bankruptcy Act" in N.J.S.A. 2A:16-49.1 to now authorize the discharge of prebankruptcy liens, such as the lien on defendant's former residence, which would not have been dischargeable under the bankruptcy law in effect when Furnival was decided.
*242 We also reject plaintiff's argument that defendant lacks standing to maintain an action under N.J.S.A. 2A:16-49.1. A financial interest in the outcome of litigation is ordinarily sufficient to confer standing. See Home Builders League of South Jersey, Inc. v. Berlin Tp., 81 N.J. 127, 131-135 (1979). Defendant has such a financial interest because part of the proceeds from the sale of her residence have been escrowed and presumably will be turned over to plaintiff unless defendant is able to discharge the lien.
Although the United States District Court for New Jersey has held that a federal bankruptcy court may not void a judgment lien at the behest of debtor who has conveyed title, In re Vitullo, 60 B.R. 822 (D.N.J. 1986), it did not indicate that this result was compelled by any provision of the Bankruptcy Code. Therefore, we believe that Vitullo should be read to rest entirely upon the rather restrictive rules of standing applied in the federal courts. See Home Builders League of South Jersey, Inc. v. Berlin Tp., supra, 81 N.J. at 131-133. Consequently, defendant's lack of standing to seek relief in federal court does not preclude her from obtaining relief in state court pursuant to N.J.S.A. 2A:16-49.1. Cf. Matter of Riddell, 96 B.R. 816, 818 (S.D.Ohio 1969) (stating that debtor who had conveyed property subject to a judicial lien could not obtain relief in federal bankruptcy court but that "[t]he Debtor and the present owners of the property must pursue their remedies in other courts." [emphasis added]).
Finally, we reject plaintiff's argument that the trial court properly denied defendant's motion because it was untimely. Neither the Bankruptcy Code nor N.J.S.A. 2A:16-49.1 impose any time limit on a debtor's application to discharge a judgment lien. Therefore, the doctrine of laches provides the only basis to deny such an application as untimely. However, to establish laches, a judgment creditor must show prejudice as a result of the delay. Matter of Swanson, 13 B.R. 851, 855 (Bkrtcy.D.Idaho 1981); In re Newton, 15 B.R. 640 (Bkrtcy.W.D. *243 N.Y. 1981). Plaintiff failed to make any such showing of prejudice.
Accordingly, we reverse the order of the trial court insofar as it denied defendant's motion to discharge the judgment lien and remand for entry of an order providing such relief.
NOTES
[1] Sheba Langston is the only defendant involved in the present proceedings. Consequently, she is referred to in this opinion as defendant.
[2] Plaintiff does not question the applicability of § 522(f)(1) to its lien, even though it secures a judgment entered before enactment of the Bankruptcy Code. See In re Ashe, 712 F.2d 864 (3rd Cir.1983), cert. den. 465 U.S. 1024, 104 S.Ct. 1279, 79 L.Ed.2d 683 (1984).