803 A.2d 1166 (2002)
354 N.J. Super. 1
CHEMICAL BANK, Plaintiff-Respondent,
v.
Donald JAMES, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued August 6, 2002.
Decided August 20, 2002.
*1167 Bernard Schenkler, Roseland, argued the cause for appellant (Orloff, Lowenbach, Stifelman & Siegel, co-counsel; Mr. Schenkler, on the brief; Mandelbaum, Salsburg, Gold, Laris, Discenza & Steinberg, co-counsel; Mark Baumgarten, on the brief).
Donald S. Maurice, Jr., Bridgewater, argued the cause for respondent (Marino & Maurice, attorneys; Mr. Maurice and Thomas R. Dominczyk, on the brief).
Before Judges NEWMAN, BRAITHWAITE and FALL.
The opinion of the court was delivered by *1168 FALL, J.A.D.
The question presented in this appeal is whether N.J.S.A. 2A:16-49.1 authorizes the cancellation and discharge of a judgment lien of record against the real property of a judgment debtor whose personal liability for the underlying debt has been discharged in a bankruptcy proceeding, where the bankrupt's interest in that real property was abandoned by the trustee during the bankruptcy proceedings.
We hold that when a judgment lien was "subject to be discharged or released under the provisions of the Bankruptcy Act," and the creditor did not levy against the property of the debtor prior to the filing of the bankruptcy petition, or within one year of the debtor's discharge, relief is available to the debtor to cancel and discharge the judgment lien pursuant to N.J.S.A. 2A:16-49.1, notwithstanding the trustee's abandonment of the bankrupt's interest in that property during the bankruptcy proceedings pursuant to 11 U.S.C.A. § 554(a).
N.J.S.A. 2A:16-49.1 provides:
At any time after 1 year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, or to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order shall be made directing said judgment to be canceled and discharged of record; and thereupon the clerk of said court shall cancel and discharge the same by entering on the record or in the margin of the record of the judgment, that the same is canceled and discharged by order of the court, giving the date of entry of the order of discharge. Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy. Notice of the application, accompanied with copies of the papers upon which it is made, must be served upon the judgment creditor, or his attorney of record in said judgment, in the manner prescribed in R.R. 4:5-1, et cetera, of The Revision of The Rules Governing the Courts of the State of New Jersey (1953); provided, however, nothing herein contained shall prevent said judgment notwithstanding such discharge of record from being used as a set-off in any action in which it otherwise could be used.
[Emphasis added.]
The facts and procedural history giving rise to this appeal follow.
On August 14, 1990, plaintiff Chemical Bank docketed a judgment against defendant Donald James in the amount of $112,929.25, plus costs of $115.
On March 18, 1994, defendant filed a Chapter 7 Bankruptcy Petition, listing plaintiff as an unsecured creditor in the amount of $113,044.25 based upon that judgment.
At the time of the filing of the bankruptcy petition, defendant owned a one-half interest in a condominium known as Unit 5J, 200 Old Palisade Road, Fort Lee. The *1169 petition listed the value of the condominium as unknown, and stated it was encumbered by a mortgage owed to Household Finance Services in the amount of approximately $130,000. However, Schedule D of the petition, entitled "Creditors Holding Secured Claims," lists the market value of the property subject to the mortgage lien of Household Finance as approximately $115,000.
Although the judgment attached against defendant's interest in the condominium, plaintiff did not levy or execute upon its judgment prior to defendant's commencement of the bankruptcy proceeding, or within one year after defendant's discharge in bankruptcy.
Prior to the discharge, the trustee in bankruptcy filed a notice of proposed abandonment with respect to defendant's interest in the condominium, stating "there is no equity which could be realized for the benefit of the estate[,]" in light of defendant's one-half interest in the condominium being encumbered by a mortgage in the amount of $130,000. There was no opposition interposed and the abandonment by the trustee took effect on June 5, 1994.
On July 20, 1994, the bankruptcy court ordered a discharge of defendant's debts and any judgments against him personally. The discharge ordered the following:
1. The above-named debtor is released from all dischargeable debts.
2. Any judgment heretofore or hereafter obtained in any court other than this Court is null and void as a determination of the personal liability of the debtor with respect to any of the following:
(a) debts dischargeable under 11 U.S.C. § 523;
(b) unless heretofore or hereafter determined by order of this Court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4) and (6) and 11 U.S.C. § 523(a);
(c) debts determined by this Court to be discharged.
3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void in paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.
On January 31, 2001, defendant filed and served a notice of motion seeking an order directing that plaintiff's judgment be canceled and discharged of record as a lien on his real property pursuant to N.J.S.A. 2A:16-49.1. The motion was opposed.
On April 24, 2001, the Law Division judge issued a written opinion, denying defendant's motion stating, in pertinent part:
The question before the court is whether the lien imposed by the judgment on James' one-half interest in the condominium property was extinguished by the discharge in bankruptcy, or remains viable because of the trustee's abandonment of the property prior to discharge.
James first argues that as a pre-petition lien holder who did not object to the discharge, Chemical has no right at this time to seek the relief sought in this motion. On this issue, the court holds that Chemical had no affirmative duty to preserve its lien during the debtor's bankruptcy except to defend against the debtor's or trustee's demands to avoid the lien. Here, following the abandonment, no attempt was or could have been made by the trustee to avoid the lien, and therefore Chemical's assertion *1170 of its continuing interest in the property is timely. Conversely, James could have filed a motion before the trustee to challenge the abandonment of the property. No such action by James is part of the record before this court.
James' second argument that as a result of Chemical's failure to execute and levy on its judgment, its lien was subject to the avoidance powers of the bankruptcy trustee, and was in fact avoided by the discharge in bankruptcy, is misplaced. Once the trustee gave notice to abandon, and then in fact abandoned the property, Chemical's lien was no longer subject to being discharged or released under the provisions of the Bankruptcy Act, notwithstanding that Chemical had not levied on the property prior to the filing of James' bankruptcy petition. Pursuant to 11 U.S.C. Section 544(a), the abandonment by the trustee operated in favor of Chemical and not against it. When abandonment occurs under Chapter 7, the property reverts to the debtor as if no bankruptcy petition had been filed and it ceases to be part of the bankrupt's estate. Thereafter, lienors are free to proceed against the property just as they normally would under applicable state law.
The court bases its holding on In re Menell, 37 F.3rd 113 (3rd Cir.1994) wherein the court held in similar circumstances that the plain language of 11 U.S.C. Section 522(f)(1) limited judgment lien avoidance following abandonment to the value of the debtor's equity in the property at the time of the bankruptcy filing, and In re Arevalo, 142 B.R. 111 (Bankr.D.N.J.1992) wherein the court held that the debtor could not avoid a judicial lien, when after accounting for unavoidable liens and mortgages he had no equity in the property and, therefore, no interest on which to avoid the judicial lien. In this case, James claimed an exemption of $7,500.00 in his notice of abandonment, the trustee listed the value of the property at $115,000.00, the property was encumbered with a second mortgage having a balance of $130,000.00 and Chemical's lien by judgment was in the amount of $113,044.25.
While it is true that Chemical's judgment was discharged against James personally, when his real property was abandoned by the trustee it reverted to James as if no bankruptcy petition had been filed, and James could only avoid the judicial lien to the extent that it impaired his $7,500.00 exemption. Clearly, at the time the trustee abandoned the property, James had no determinable equity in it to which his exemption could attach. Accordingly, Defendant's motion is denied.
On appeal, defendant argues the motion judge erroneously interpreted N.J.S.A. 2A:16-49.1 because plaintiff's failure to levy upon defendant's interest in the condominium prior to his filing of the bankruptcy petition made plaintiff's judgment lien subject to discharge or release under Bankruptcy Law. Defendant further asserts that the trustee's abandonment of his interest in the property did not operate to foreclose relief pursuant to N.J.S.A. 2A:16-49.1.
A creditor who dockets a judgment against a debtor's property has a lien on all real property held by the judgment debtor in the State. New Brunswick Savings Bank v. Markouski, 123 N.J. 402, 411-12, 587 A.2d 1265 (1991). Here, as a result of the discharge in bankruptcy, defendant was discharged of his personal obligation on the debt to plaintiff. See 11 U.S.C.A. § 524(a)(1). However, plaintiff's docketed lien against all property owned by defendant prior to filing of the bankruptcy petition remained. Party Parrot v. *1171 Birthdays & Holidays, 289 N.J.Super. 167, 174, 673 A.2d 293 (App.Div.1996) (citing Johnson v. Home State Bank, 501 U.S. 78, 82-83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66, 74 (1991)). Accordingly, defendant's discharge in bankruptcy had no effect on plaintiff's judgment lien on defendant's interest in the condominium. Furnival Machinery Co. v. King, 142 N.J.Super. 251, 254, 361 A.2d 91 (App.Div.1976).
The intent of N.J.S.A. 2A:16-49.1 is to provide the bankrupt debtor with an ancillary remedy within our state system to assure that judgments intended to be discharged under federal bankruptcy law will not continue to cloud the marketability of title to property owned by the debtor. Associates Commercial v. Langston, 236 N.J.Super. 236, 241, 565 A.2d 702 (App.Div.), certif. denied, 118 N.J. 225, 570 A.2d 979, (1989) and certif. denied, 118 N.J. 229, 570 A.2d 981 (1989).
N.J.S.A. 2A:16-49.1 "clears the record as a housekeeping measure unless the judgment was not subject to discharge." Party Parrot, supra, 289 N.J.Super. at 173, 673 A.2d 293. "[T]he controlling issue is whether or not the lien was `subject to be discharged or released' under the provisions of the Bankruptcy Code[.]" Ibid.
Here, the issue quite simply is whether plaintiff's docketed judgment lien was "subject to be discharged or released under the provisions of the Bankruptcy Act," despite the trustee's abandonment of defendant's real property during the bankruptcy proceeding. "[T]he fact that defendant could have obtained a discharge of the lien during the pendency of the bankruptcy proceeding means that the lien was `subject to be discharged or released under the provisions of the Bankruptcy Act' within the intent of the third sentence of N.J.S.A. 2A:16-49.1 (emphasis added), even though it was not in fact discharged in the federal bankruptcy proceedings." Associates Commercial, supra, 236 N.J.Super. at 241, 565 A.2d 702. As we noted in Party Parrot, supra, 289 N.J.Super. at 171, 673 A.2d 293:
A lien on the real estate enforced by levy, as opposed to the underlying judgment or indebtedness by defendants for a deficiency, is not subject to discharge or complete avoidance under the provisions of the Bankruptcy Code. If unperfected, however, plaintiff's lien was subject to avoidance under the Code and therefore may now be discharged of record.

[Emphasis added.]
Here, plaintiff's lien was unperfected since plaintiff failed to levy upon defendant's property prior to the filing of the bankruptcy petition, or within one year after defendant's discharge in bankruptcy. Id. at 172, 175, 673 A.2d 293.
We concur with the trial court's interpretation of In re Menell, 37 F.3d 113 (3d Cir.1994) concerning the limitation of the trustee's avoidance powers to the lesser of the amount of the value of the debtor's equity or of the amount of his homestead exemption by application of the version of 11 U.S.C.A. § 522(f)(1) in effect at the time of filing of defendant's bankruptcy petition. See Party Parrot, supra, 289 N.J.Super. at 176-78, 673 A.2d 293.[1]
However, the trial court erroneously concluded that the trustee's abandonment of the subject property during the bankruptcy proceedings had the effect *1172 of precluding defendant from seeking relief pursuant to N.J.S.A. 2A:16-49.1 because plaintiff's judgment lien was no longer "subject to be discharged or released under the provisions of the Bankruptcy Act[.]" Such an interpretation fails to effectuate the legislative purpose of N.J.S.A. 2A:16-49.1 "to give the bankrupt a fresh start in life." Associates Commercial, supra, 236 N.J.Super. at 240, 565 A.2d 702 (quoting from the sponsor's statement to the bill that became N.J.S.A. 2A:16-49.1). Moreover, we conclude that the issue of whether a judgment lien is "subject to discharge or release" must be measured by the circumstances existing as of the time of the filing of the bankruptcy petition. Such an interpretation is consistent with the legislative purpose of the statute.
Here, after investigating and reviewing the bankrupt's estate, the trustee elected to abandon the condominium property pursuant to 11 U.S.C.A. § 554(a) because defendant had no determinable equity that could be sold and applied toward the debts of the bankrupt estate. The issue of "abandonment" does not affect the issue of whether the judgment lien was "subject to discharge or release" at the time the bankruptcy petition was filed.
It is clear that "[w]hen a trustee abandons a debtor's property under Chapter 7, the property reverts to the debtor as if no bankruptcy had been filed and ceases to be part of the bankruptcy estate[,]" and that after such abandonment, "`the lienors are free to proceed against [the property] just as they normally would under applicable state law.'" Party Parrot, supra, 289 N.J.Super. at 179, 673 A.2d 293 (citing to In re Flamand, 78 B.R. 644, 645 (Bankr.D.R.I.1987)) (quoting In re Polumbo, 271 F.Supp. 640, 643 (W.D.Va.1967)). Accordingly, upon the trustee's abandonment, plaintiff was free to levy against defendant's interest in the subject property prior to relief becoming available to defendant one year subsequent to his discharge pursuant to N.J.S.A. 2A:16-49.1.
However, the trustee's election to abandon the property does not change the fact that plaintiff's judgment lien was, upon filing of the bankruptcy petition, "subject to be discharged or released under the provisions of the Bankruptcy Act[,]" and thereby subject to being canceled and discharged of record pursuant to N.J.S.A. 2A:16-49.1. It logically follows that the provisions of N.J.S.A. 2A:16-49.1 would only be applicable under circumstances where the trustee in bankruptcy had abandoned the debtor's interest in his or her real property; otherwise, the trustee would have sold the debtor's interest in the property and applied the proceeds for the benefit of the bankrupt's estate. See Associates Commercial, supra, 236 N.J.Super. at 241, 565 A.2d 702.
Section 544 provided a method for the bankruptcy trustee to avoid plaintiff's judgment lien against defendant's real property. 11 U.S.C.A. § 544(a)(1). Pursuant to that section, the trustee is given, as of the commencement of the case, the rights of a creditor with a writ of execution against the property of the debtor unsatisfied as of the date of the petition. In re Just For The Fun of It of Tennessee, Inc., 7 B.R. 166, 171 (Bankr.E.D.Tenn. 1980). "Only if plaintiff's lien was levied upon before the bankruptcy filings would the trustee have been precluded from avoiding it by operation of § 544 of the Bankruptcy Code[.]" Party Parrot, supra, 289 N.J.Super. at 174, 673 A.2d 293. The trustee becomes a "hypothetical executing judicial lienholder as of the time of the debtor's bankruptcy filing, [and] can avoid certain liens over which [he or she] has priority." Ibid.; see also In re Silverman, 2 B.R. 326, 330 (Bankr.D.N.J.1980) (noting that upon appointment the trustee becomes *1173 vested with the rights of a creditor armed with execution liens).
The trustee of defendant's bankruptcy estate became a hypothetical lienholder on defendant's real property upon the commencement of defendant's bankruptcy proceeding, armed with the authority to avoid plaintiff's judgment lien against any real property owned by defendant prior to filing of the bankruptcy petition. The trustee could have obtained a discharge of plaintiff's lien against defendant's property. Accordingly, plaintiff's judgment was "subject to be discharged or released under the provisions of the Bankruptcy Act," and defendant was entitled to relief pursuant to N.J.S.A. 2A:16-49.1.
We find nothing unfair or inequitable with this result. Our Legislature has provided an ancillary remedy for the benefit of our bankrupt citizens. Logically, "[i]f judgments that have been discharged in bankruptcy are allowed to remain of record, the practical effect may be to require payment at some time in the future, there by negating the intended benefits of the bankruptcy proceedings." Associates Commercial, supra, 236 N.J.Super. at 240, 565 A.2d 702 (quoting from the sponsor's statement to the bill that became N.J.S.A. 2A:16-49.1). Moreover, plaintiff failed to avail itself of the opportunity to levy upon defendant's interest in the subject property prior to the filing of the bankruptcy petition or, after the trustee's abandonment, within the one-year period subsequent to defendant's discharge.
Reversed and remanded for entry of an order granting defendant's application, canceling and discharging of record plaintiff's judgment as a lien on defendant's property.
NOTES
[1] We note that subsequent to the Third Circuit's decision in Menell, § 522(f) was amended. Those amendments implicitly overruled the methodology set forth in Menell for determining the extent to which a judicial lien impairs a homestead exemption in bankruptcy cases filed subsequent to October 22, 1994.