879 A.2d 1190

NEW CENTURY FINANCIAL SERVICES, INC., PLAINTIFF–APPELLANT, v. WEBSTER N. STAPLES AND DARNELL STAPLES, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted August 2, 2005—Decided August 9, 2005.

*Tech. v. Inacom Communications,* 106 *F.*3d 1146, 1156–57 (4th Cir.1997); *see Zelma, supra,* 343 *N.J.Super.* at 366, 778 *A.*2d 591.

Before Judges NEWMAN, FALL and HOENS.

*Pressler* and *Pressler*, attorneys for appellant (*Lawrence J. McDermott, Jr.,* on the brief).

No brief was filed by respondents.

The opinion of the court was delivered by

FALL, J.A.D.

This is an application pursuant to *N.J.S.A.* 2A:16–49.1 by judgment debtors discharged in bankruptcy to cancel and discharge of record a judgment that had been entered against them and levied upon their real property prior to the filing of their bankruptcy petition. We first hold that once a monetary judgment entered in the Special Civil Part has been docketed with the Clerk of Superior Court it becomes a Superior Court judgment, a lien against the real property of the judgment debtors, and is not subject to the levying and sale prohibitions contained in *N.J.S.A.* 2A:17–17. We also rule that when a docketed Superior Court judgment has been levied against the real property of the judgment debtors prior to their filing of a bankruptcy petition, *N.J.S.A.* 2A:16–49.1 precludes the canceling and discharge of that judgment as a lien against the real property of those judgment debtors after their discharge in bankruptcy, unless the court finds that the judgment lien was "subject to be discharged or released under the provisions of the Bankruptcy Act." *N.J.S.A.* 2A:16–49.1. Here, we conclude that the judgment lien cannot be canceled and discharged of record because it has not impaired an allowable exemption under the Bankruptcy Code. The following factual and procedural history informs these conclusions.

Plaintiff New Century Financial Services, Inc. is the assignee of a defaulted Chase Manhattan credit card obligation owed by defendants Webster N. Staples and Darnell Staples. On or about May 31, 2000, plaintiff filed a complaint against defendants in the Special Civil Part. Default judgment was entered against defendants on September 29, 2000, in favor of plaintiff in the amount of $2,393.29, plus $114.06 in costs. Pursuant to *N.J.S.A.* 2A:16–39, on November 21, 2000, the judgment was docketed with the Clerk of Superior Court in the amount of $2,393.29.

On August 28, 2001, at plaintiff's request, the Morris County Sheriff's Office levied upon defendants' real property known as 19 Pleasant Hill Road, Succasunna.

On June 4, 2002, defendants filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. Plaintiff was listed as an unsecured creditor in their bankruptcy petition. Pursuant to 11 *U.S.C.A.* § 7272 of the Bankruptcy Code, the Bankruptcy Court issued a Discharge of Debtors on September 12, 2002.

On or about August 3, 2004, defendants filed a motion in the Law Division seeking to void the judgment as a lien against their real property, pursuant to *N.J.S.A.* 2A:16–49.1, on the grounds that the judgment lien impaired their homestead exemption under 11 *U.S.C.A.* § 522(d)(1) of the Bankruptcy Code. In other words, defendants contended that although "the judgment was a lien on real property owned by the bankrupt[s] prior to the time [they] were adjudged ... bankrupt," *N.J.S.A.* 2A:16–49.1, the judgment was "subject to be discharged or released under the provisions of the Bankruptcy Act," *ibid.*, thereby entitling them to "an order directing the judgment to be canceled and discharged of record." *Ibid.* More specifically, defendants contended that the balance on the first and second mortgages on the subject property approximately equaled the fair market value of their property and they, thereby, had no equity value in the property. Therefore, argued defendants, their homestead exemptions totaling $34,850 exceeded their equity value of the property, as computed by 11 *U.S.C.A.* § 522(f)(2)(A), and those exemptions would be unduly impaired if plaintiff's lien was not discharged. Plaintiff opposed defendants' motion.

A hearing was conducted on defendants' motion in the Special Civil Part on October 8, 2004. The motion judge did not reach the issue of application or interpretation of *N.J.S.A.* 2A:16–49.1. In granting defendants' application, the judge concluded that *N.J.S.A.* 2A:17–17 precluded the levying upon and sale of real

property by execution on judgments obtained in the Special Civil Part.[1]

On or about October 13, 2004, plaintiff filed a motion seeking reconsideration of the court's ruling. In its moving papers, plaintiff argued that once a Special Civil Part judgment is docketed, it becomes a Superior Court judgment and is not subject to the levying and sale prohibition contained in *N.J.S.A.* 2A:17–17. Plaintiff maintained that because the judgment had been obtained against defendants and docketed and levied against prior to the filing of the bankruptcy petition, *N.J.S.A.* 2A:16–49.1 precluded canceling the judgment as a lien against defendants' real property. More specifically, plaintiff relied upon the following language contained in that statute:

> *Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act,* the lien thereof upon said real estate shall not be affected by said order and may not be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy.
>
> [*N.J.S.A.* 2A:16–49.1 (emphasis added).]

In their reply, defendants contended that they would not be entitled to relief pursuant to *N.J.S.A.* 2A:16–49.1 only if the judgment had been a lien on the real property owned by debtors prior to the time they were adjudged bankrupt, *and* was "not subject to be discharged or released under the provisions of the Bankruptcy Act." Here, argued defendants, plaintiff would have to establish that defendants had surplus equity in their home after application of the homestead exemption set forth in 11 *U.S.C.A.* § 522(d)(1). Stated differently, defendants argued that plaintiff's lien *was* subject to being discharged or released under the provisions of the Bankruptcy Code; therefore, plaintiff's lien on their real property must be discharged.

---

[1] The record on appeal does not contain a written order memorializing the court's October 8, 2004 decision.

Plaintiff's motion for reconsideration was argued in the Special Civil Part on November 19, 2004. The motion judge denied the motion, again finding that *N.J.S.A.* 2A:17–17 precluded the levying on and sale of real property based on judgments obtained in the Special Civil Part. The judge also ruled, notwithstanding that conclusion, that *N.J.S.A.* 2A:16–49.1 permitted the discharge of plaintiff's judgment lien because it was subject to being discharged or released under the Bankruptcy Code. An order memorializing the denial of the reconsideration motion was entered on November 19, 2004.

On appeal, plaintiff presents the following arguments for our consideration:

*POINT I*

*N.J.S.A.* 2A:16–49.1 WILL NOT AVOID A LIEN THAT COULD NOT BE AVOIDED UNDER BANKRUPTCY LAW.

*POINT II*

THE COURT BELOW ERRED AS A MATTER OF LAW: A) THAT DOCKETED JUDGMENTS ARE NOT LIENS; AND B) A HOMESTEAD EXEMPTION EXISTS UNDER THE BANKRUPTCY CODE.

■ It is fundamental that a creditor who dockets a judgment against a debtor's property has a lien on all real property held by that judgment debtor in this State. *New Brunswick Savings Bank v. Markouski,* 123 *N.J.* 402, 411–12, 587 *A.*2d 1265 (1991); *Chemical Bank v. James,* 354 *N.J.Super.* 1, 8, 803 *A.*2d 1166 (App.Div.2002). It is also clear that, as a result of their discharge in bankruptcy, defendants were discharged of their personal obligation to plaintiff under the subject judgment. 11 *U.S.C.A.* § 524(a)(1); *James, supra,* 354 *N.J.Super.* at 8, 803 *A.*2d 1166. However, assuming that plaintiff's docketed Special Civil Part judgment constituted a lien on the subject property, defendants' discharge in bankruptcy had no effect on plaintiff's judgment lien on defendants' interest in that real property, unless it impaired an allowable exemption. *Ibid.; Furnival Machinery Co. v. King,* 142 *N.J.Super.* 251, 254, 361 *A.*2d 91 (App.Div.1976).

Therefore, we must decide two issues. First, was plaintiff's docketed Special Civil Part judgment a lien on defendants' real

property that can be levied upon? Second, if so, were defendants entitled to the ancillary State-based relief of the canceling and discharge of record of that judgment lien provided by *N.J.S.A.* 2A:16–49.1?

■ According to the trial court, a judgment of the Special Civil Part does not act as a lien against real property by application of *N.J.S.A.* 2A:17–17, which provides in relevant part:

> All real estate shall be liable to be levied upon and sold by executions to be issued on judgments obtained in any court or record in this State, *except the Superior Court, Law Division, Special Civil Part,* for the payment and satisfaction of the debt, damages, sum of money and costs so recovered or to be recovered; but no real estate of any testator or intestate shall be sold or in anywise affected by any judgment or execution against executors or administrators. No judgment obtained for the payment and satisfaction of any employment wage tax, including penalties, shall be enforced pursuant to this section.
>
> [Emphasis added.]

*N.J.S.A.* 2A:17–17 was amended by *L.* 1991, *c.* 91 to substitute "Superior Court, Law Division, Special Civil Part" for "county district courts."

In *City of Philadelphia v. Bauer,* 97 *N.J.* 372, 478 *A.2d* 773 (1984), the City of Philadelphia sought to enforce a judgment it had obtained against the defendant in the Pennsylvania courts for delinquent wage taxes by filing suit against defendant in the Camden County District Court to enforce that Pennsylvania judgment. *Id.* at 374–75, 478 *A.2d* 773. The District Court entered a judgment against defendant in the amount of $3,000, the then-jurisdictional limit. *Id.* at 375, 478 *A.2d* 773. As here, "[t]he judgment was subsequently docketed in the Superior Court and became a Superior Court judgment." *Ibid.* After attempts to attach the defendant's personal property were unsuccessful, the City attempted to execute on the judgment against the real property of the defendant. *Ibid.*

Although the issue before the Court was whether the portion of *N.J.S.A.* 2A:17–17 that prohibited enforcement of a judgment obtained for the payment of employment wage taxes violated the full faith and credit clause of the United States Constitution, *id.* at

374–75, 478 A.2d 773,[2] the Court recognized that the docketing of the county district court judgment made it a Superior Court judgment, stating in relevant part:

> N.J.S.A. 2A:17–17 blocks execution on real property on two grounds: (1) on judgments obtained in county and (2) on judgments obtained for payment and satisfaction of any employment wage tax. The first ground is not relevant here despite the dissent's attempt to make it appear so. The judgment at issue is not a county district court judgment but a Superior Court judgment. As such, it is entitled to a lien on real property unless it is deemed to be a judgment obtained for the payment of any employment wage tax.
>
> [Id. at 378–79, 478 A.2d 773.]

We also note that, in his dissent, Justice Schreiber agreed, stating:

> As a judgment of the New Jersey District Court, it did not constitute a lien on real property.... The reason why that is so is because district court judgments had not been given that force by the Legislature....
>
> Here, Philadelphia subsequently docketed the district court judgment as a Superior Court judgment. N.J.S.A. 2A:18–32. The clerk's docket entry stated the name of the county district court in which the judgment was obtained. N.J.S.A. 2A:18–34. After docketing, the judgment "operate[d]" as though it were a judgment obtained in an action originally commenced in the Superior Court. N.J.S.A. 2A:18–38....
>
> [Id. at 386–87, 478 A.2d 773 (Schreiber, J., dissenting).]

Accordingly, we conclude that the act of docketing, as here, a Special Civil Part judgment in the Superior Court makes it a judgment entitled to lien status against the real property of the judgment debtor. The trial court erred in concluding otherwise.

Turning to the question of whether defendants were entitled to relief pursuant to N.J.S.A. 2A:16–49.1, we note:

> The intent of N.J.S.A. 2A:16–49.1 is to provide the bankrupt debtor with an ancillary remedy within our state system to assure that *judgments intended to be discharged under federal bankruptcy law* will not continue to cloud the marketability of title to property owned by the debtor....
>
> N.J.S.A. 2A:16–49.1 "clears the record as a housekeeping measure unless the judgment was not subject to discharge." *Party Parrot[ v. Birthdays & Holidays,* 289 N.J.Super. 167, 173, 673 A.2d 293 (App.Div.1996) ]. "[T]he controlling issue is

---

[2] Although not relevant to our determination, we note that the Court ruled that the "employment wage tax judgment" exemption contained in N.J.S.A. 2A:17–17 violated the full faith and credit clause of the United States Constitution. *Bauer, supra,* 97 N.J. at 375, 478 A.2d 773.

497

whether or not the lien was 'subject to be discharged or released' under the provisions of the Bankruptcy Code[.]" *Ibid.*

*[Chemical Bank, supra,* 354 *N.J.Super.* at 8–9, 803 *A.*2d 1166 (emphasis added; other citations omitted).]

■ Here, plaintiff perfected its judgment lien against defendants' real property by levying against it prior to the filing of the bankruptcy petition. Thus, the issue remaining is whether plaintiff's lien was subject to be discharged or released under the Bankruptcy Code.

The position taken by defendants on this issue is that plaintiff's judgment impaired the homestead exemption to which they were allowed pursuant to 11 *U.S.C.A.* § 522(d)(1). More specifically, defendants argue that there is no unimpaired equity in the property when the mortgage liens against the property and the homestead exemption are measured against the fair market value of their property.

However, as noted by plaintiff, defendants listed in Schedule C—Property Claimed As Exempt—of their bankruptcy petition, the current market value of the subject property as $240,000. In their trial court papers, defendants claimed the amount of total mortgages on the property was $139,747.64. Therefore, defendants' position that the value of their equity was zero is without basis. It does not appear that the judgment lien impaired the homestead exemption asserted, $34,850,[3] because the amount of equity in the property exceeded the amount of that exemption. More specifically, 11 *U.S.C.A.* § 522(f)(2)(A) provides that

a lien shall be considered to impair an exemption to the extent that the sum of—

(i)  the lien;

(ii)  all other liens on the property; and

---

[3] Plaintiff claims the exemption amount is $32,300; the current version of 11 *U.S.C.A.* § 55(d)(1) lists the individual exemption as $18,450 and, for two bankrupts, presumably $36,900. Using a fair market value of $240,000, the disparity in the amount of the exemption is irrelevant on the issue of whether the enforcement of plaintiff's judgment lien of $2,393.29 would constitute an impairment of defendants' exemption.

    (iii)   the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

[11   *U.S.C.A.* § 522(f)(2)(A)(i—iii).]

Here, the amount of the lien ($2,393.29), all other liens on the property ($139,747.64), and the amount of the exemption ($34,850 as claimed by defendants) totals $176,990.93, which does not exceed "the value of the debtor[s'] interest in the property would have [$240,000] in the absence of any liens." Therefore, plaintiff's judgment lien on the subject property was not "subject to be discharged or released under the provisions of the Bankruptcy Act[.]" *N.J.S.A.* 2A:16–49.1.

Reversed and remanded for entry of an order denying defendants' motion for the discharge of plaintiff's judgment lien against defendants' property.