<div style="border: 1px solid black; padding: 10px;">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1300-22

UNITED SUPPLY COMPANY,
DIVISION OF USCO/INC.,

     Plaintiff-Appellant,

v.

WALTER J. MCCOLLUM,

     Defendant-Respondent,

and

MCCOLLUM MECHANICAL
LLC,

     Defendant.

_____

        Argued December 5, 2023 – Decided January 11, 2024

        Before Judges Rose and Perez Friscia.

        On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. DC-009743-16.

        Andrew R. Turner argued the cause for appellant.

        Joseph Albanese argued the cause for respondent.

PER CURIAM

Plaintiff United Supply Company, Division of USCO/Inc., appeals from a December 16, 2022 Special Civil Part order discharging its judgment against defendant Walter J. McCollum pursuant to N.J.S.A. 2A:16-49.1. We affirm.

We summarize the pertinent facts and procedural history from the limited record provided on appeal. Plaintiff was a supplier of equipment to businesses in the heating, plumbing, and air conditioning trade. In March 2008, McCollum personally guaranteed payment of all goods purchased from plaintiff by his company, defendant McCollum Mechanical LLC (collectively, defendants).

Defendants thereafter failed to make payments and presented a dishonored check. Accordingly, in November 2016, plaintiff filed a three-count complaint against defendants demanding $13,357.08 plus interests and costs.

In February 2017, the county clerk's office entered judgment against defendants for $13,785.19. A writ of execution followed, but the court officer was unable to locate any personal property of McCollum within Ocean County, where the business entity was located.

In October 2017, the Superior Court Clerk's Office docketed the judgment in the amount of $13,865.32, which included accrued interest and costs. The parties do not dispute the docketed judgment automatically became a lien on

McCollum's real estate, see N.J.S.A. 2A:16-1, but whether plaintiff failed to execute a levy on any real property owned by McCollum in New Jersey, see R. 4:59-1(d).

On a date not disclosed in the record, McCollum relocated to Maine.[1] In October 2018, McCollum filed a voluntary Chapter 7 petition in bankruptcy in the District of Maine. See 11 U.S.C. § 727. In his petition, McCollum claimed he had no interest in real estate.[2] Plaintiff was listed as a creditor holding an unsecured nonpriority claim against McCollum. In February 2019, the bankruptcy court discharged the judgment over plaintiff's objection.

Because the judgment remained docketed, in September 2022, McCollum moved in the Special Civil Part to discharge plaintiff's judgment pursuant to N.J.S.A. 2A:16-49.1. In opposition, plaintiff essentially argued the lien passed through bankruptcy unaffected and, as such, was not discharged. More particularly, plaintiff contended that granting McCollum's motion would constitute an "advisory or hypothetical opinion[] . . . because no property ha[d]

---

[1] In his ensuing bankruptcy petition, McCollum acknowledged he had resided in Maine for more than six months.

[2] McCollum declared he purchased a single-family home in Jackson, Maine in 2016, but the property was awarded to his ex-wife pursuant to a 2018 divorce decree and, as such, his interest in the property was $0.

A-1300-22

been identified from which to remove the lien"; "the lien w[as] automatically perfected upon recording" with the clerk of court; and a levy was not a condition precedent for perfecting the lien.

McCollum acknowledged a judgment lien was, in a sense, "perfected" when the lien was docketed, but countered that "[t]he trustee's lien is superior to that of a judgment creditor." Because plaintiff failed to obtain an execution levy against any "hypothetical" real property held by McCollum prior to bankruptcy, McCollum argued he was entitled to relief pursuant to N.J.S.A. 2A:16-49.1.

In a decision placed on the record, the motion judge ordered the judgment discharged primarily based on his review of the governing statute and our decision in Assocs. Com. Corp. v. Langston, 236 N.J. Super. 236 (App. Div. 1989). This appeal followed.

Reprising the same contentions raised before the motion judge, plaintiff urges us to reverse. Because the appeal turns on a purely legal determination, our review is de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995); see also In re Registrant H.D., 241 N.J. 412, 418 (2020) (recognizing statutory interpretation is reviewed de novo).

N.J.S.A. 2A:16-49.1 provides that one year or more after a bankruptcy discharge, a debtor may apply to a court where a judgment has been docketed

for an order canceling and discharging the judgment.  The judgment should be canceled and discharged "[i]f it appears . . . [the debtor] has been discharged from the payment of that judgment or the debt upon which such judgment was recovered."  Ibid.  However,

> [w]here the judgment was a lien on real property owned by the [debtor] prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity . . . .
>
> [Ibid. (emphasis added).]

Thus, the statute consists of three pertinent parts:  (1) a bankrupt debtor may move to discharge docketed judgments one year or more after the debt was discharged in bankruptcy; (2) if the debtor establishes the debt was so discharged, the Superior Court shall enter an order requiring the clerk to cancel and discharge the judgment; and (3) a pre-bankruptcy lien must be discharged, unless it was "not subject to be discharged or released under the provisions of the Bankruptcy Act."  The crux of plaintiff's argument on this appeal is that McCollum failed to satisfy the third criterion because plaintiff's lien passed through bankruptcy and McCollum apparently owned no pre-petition real

A-1300-22

property in New Jersey. Thus, plaintiff maintains the judgment lien was not "subject to be discharged or released" by the bankruptcy court.

It is well settled that "[t]o establish a lien against a judgment debtor's real property, a creditor need only enter a judgment in the records of the Superior Court; a levy and execution on real property owned by the judgment debtor are not required." New Brunswick Sav. Bank v. Markouski, 123 N.J. 402, 411 (1991). "A holder of a docketed judgment has a lien on all real property held by the judgment debtor in the state." Id. at 412 (citing N.J.S.A. 2A:16-1, 2A:17-17); see also Chemical Bank v. James, 354 N.J. Super. 1, 8 (App. Div. 2002). However, a judgment lien against a debtor's real property must be "perfected . . . by levying against it prior to the filing of the bankruptcy petition." New Century Fin. Servs. v. Staples, 379 N.J. Super. 489, 497 (App. Div. 2005).

Thus, when a debtor attempts to discharge a valid and perfected judgment lien on real property under N.J.S.A. 2A:16-49.1, "the threshold and controlling issue is whether the judgment [lien] was subject to discharge or release in bankruptcy." Gaskill v. Citi Mortg., Inc., 428 N.J. Super. 234, 241 (App. Div. 2012), aff'd 221 N.J. 501 (2015). The statute applies if "the debtor could have obtained a discharge of the lien through the bankruptcy proceedings, [but] the debtor need not have actually obtained a discharge of the lien." Ibid.

6

In Chemical Bank, we held abandonment of real property by a bankruptcy trustee, and consequent survival of liens against that property, did not alter the fact that a judgment lien against the property could have been discharged during the bankruptcy proceeding. 354 N.J. Super. at 9, 11. A judgment lien becomes non-dischargeable only if it is levied upon either before bankruptcy filing or after the bankruptcy trustee's abandonment of the property. Id. at 9, 11-12; see also Gaskill, 428 N.J. Super. at 243; Party Parrot, Inc. v. Birthdays & Holidays, Inc., 289 N.J. Super. 167, 171-72, 175 (App. Div. 1996). As we explained in Party Parrot:

> A lien on the real estate enforced by levy, as opposed to the underlying judgment or indebtedness by [the] defendants for a deficiency, is not subject to discharge or complete avoidance under the provisions of the Bankruptcy Code. If unperfected, however, [the] plaintiff's lien was subject to avoidance under the Code and therefore may now be discharged of record.
>
> [Id. at 171.]

The statute has been described as a housekeeping measure to assure that judgments discharged in bankruptcy do not remain of record, cloud title, or require payment in the future. Id. at 173. The statute's purpose is aligned with "the intention of the Bankruptcy Act, i.e.[,] to give the bankrupt a fresh start in life." Langston, 236 N.J. Super. at 240. Otherwise, "[i]f judgments that have

been discharged in bankruptcy are allowed to remain of record, the practical effect may be to require payment at sometime in the future, thereby negating the intended benefits of the bankruptcy proceedings." Ibid. (quoting Sponsor's Statement to N.J.S.A. 2A:16-49.1 (July 10, 1967)).

In the present matter, a lien against any real property in New Jersey owned by McCollum was created when plaintiff's judgment was docketed in October 2017, prior to the filing of McCollum's October 2018 petition in bankruptcy. See N.J.S.A. 2A:16-1; see also Markouski, 123 N.J. at 412. Plaintiff did not, however, perfect the lien by levying against McCollum's real property prior to the filing of defendant's bankruptcy petition. See New Century Fin. Servs., 379 N.J. Super. at 497. McCollum filed his bankruptcy petition more than one year after the bankruptcy court discharged his debts and the discharge included the debt underlying plaintiff's judgment. Because plaintiff's lien was not perfected, it was "subject to be discharged or released" by the bankruptcy court under N.J.S.A. 2A:16-49.1. We therefore discern no reason to disturb the motion judge's order discharging plaintiff's judgment lien, which squarely addressed the issues raised in view of the governing law and gave effect to the Legislature's intent.

Nor are we persuaded by plaintiff's argument that the judge's decision was "hypothetical" or "advisory." The issue decided was whether plaintiff's judgment lien was dischargeable under N.J.S.A. 2A:16-49.1. Plaintiff's lien applied against all real property owned by McCollum within New Jersey. See Markouski, 123 N.J. at 412. In McCollum's bankruptcy petition, he did not claim any interest in real property in New Jersey. Although we recognize plaintiff's contention that it therefore could not levy on any real property, the fact remains no levy issued. Even if McCollum held any pre-bankruptcy interest in real property in this state, the driving force underpinning N.J.S.A. 2A:16-49.1 is the removal of clouds on title. See Langston, 236 N.J. Super. at 241. To effectuate that purpose, the statute's requirements ensure dormant liens do not remain attached to a debtor's real property following bankruptcy. See ibid.

To the extent not addressed, plaintiff's remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-1300-22