52 A.3d 192

ROBERT D. GASKILL AND KATHLEEN GASKILL, H/W, PLAIN-TIFFS–APPELLANTS, v. CITI MORTGAGE, INC., F/K/A CITI-CORP MORTGAGE, INC., DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 16, 2012—Decided September 28, 2012.

Before Judges CUFF, WAUGH and ST. JOHN.

*Joseph M. Pinto* argued the cause for appellants (*Polino and Pinto, P.C.*, attorneys; *Mr. Pinto*, on the brief).

*Mary Lynn McCaffrey* argued the cause for respondent (*Isabel L. Becker, LLC*, attorneys; *Ms. McCaffrey*, on the brief).

The opinion of the court was delivered by

CUFF, P.J.A.D.

In this appeal, we address *N.J.S.A.* 2A:16–49.1, which permits a debtor, who has received a discharge of his debts in bankruptcy, to cancel a judgment entered in state court and discharge the record of that judgment. The Chancery Division judge held that the debtors could not avail themselves of this remedy against the judgment creditor because the judgment creditor did not receive notice of the bankruptcy proceedings, including the discharge of debts, and could not, therefore, levy on the debtors' property within the year permitted by statute. We affirm.

Plaintiffs Robert D. Gaskill and Kathleen Gaskill took title to real property located at 73 Hartford Road in Delran on January 31, 1991, encumbered by a purchase money mortgage issued by Bank of Mid–Jersey in the original amount of $63,200. The balance on the mortgage was $47,896 on October 11, 2005. Plaintiffs reside at 3524 Klockner Road in Hamilton. They acquired this real property with a purchase money mortgage in June 1986. In 1997, defendant Citi Mortgage, Inc. (Citi) obtained a default judgment against plaintiffs in the amount of $107,453.08 plus costs. The judgment was recorded and docketed and constitutes a judgment lien on the Delran and Hamilton properties.

On December 17, 2001, plaintiffs filed a Chapter 7, no asset, no bar date bankruptcy petition. Citi was not listed as a creditor and was not served with the petition. Plaintiffs listed Fein, Such, Kahn & Shepard, P.C., the firm that represented Citi in the 1996–97 litigation that produced the 1997 default judgment, as a creditor holding an unsecured claim in the amount of $107,453.08. The firm was served with the petition.

Plaintiffs claimed the Hamilton residence as exempt property. On January 28, 2002, the trustee filed a notice of intention to

abandon certain property, including the Hamilton and Delran properties, "as being of inconsequential value to the estate." By order dated March 25, 2002, plaintiffs received a discharge pursuant to 11 *U.S.C.A.* § 727. Following discharge in 2002, plaintiffs' bankruptcy attorney informed a collection agency acting on behalf of Citi to cease collection efforts, citing the discharge in bankruptcy. The record reflects no further collection efforts by or on behalf of Citi.

On November 10, 2005, plaintiffs filed a complaint against Citi pursuant to *N.J.S.A.* 2A:16–49.1 seeking cancellation of the judgment lien on the Hamilton and Delran properties recorded in February 1997. Plaintiffs alleged Citi failed to levy on the real property prior to the initiation of bankruptcy proceedings; therefore, the lien was subject to avoidance pursuant to 11 *U.S.C.A.* § 544(a)(1). Plaintiffs alleged the lien was also subject to avoidance under other provisions of the Bankruptcy Code. In its answer, Citi denied that plaintiffs listed any real property as exempt and denied that the judgment lien was subject to avoidance under the Bankruptcy Code and subject to cancellation and discharge of record. In its amended answer, Citi alleged that certain misrepresentations made by plaintiffs during the bankruptcy proceedings prevented discharge of its judgment lien.

In response to cross-motions for summary judgment, the motion judge issued four tentative decisions between February 2, 2006, and February 2, 2007. The record reveals plaintiffs' Chapter 7 bankruptcy proceeding was re-opened to the extent that the trustee in bankruptcy sent a notice to creditors in 2007 permitting submission of proofs of claim, and Citi submitted one in the amount of $171,731.67. Citi filed a motion for various forms of relief in Bankruptcy Court, including a declaration that its lien was not intended to be discharged. The Bankruptcy judge denied the relief.

Finally, on August 21, 2009, another judge issued a decision and order denying each party's motions. In doing so, the motion judge found that Citi had not received notice of the bankruptcy

petition and the trustee did not have an opportunity to assess the Citi judgment lien. He directed plaintiffs to return to the Bankruptcy Court to permit a determination of the Citi judgment lien by the trustee.

The record reflects that following submission of information of Citi's judgment lien to the trustee-in-bankruptcy, he concluded plaintiffs' bankruptcy estate had been fully administered. The trustee did not avoid Citi's judgment lien and abandoned the Delran property.

The parties then renewed their motions for summary judgment. On June 17, 2011, Judge Hogan granted summary judgment in favor of Citi. In his written opinion, the judge found the Citi judgment lien is unaffected by discharge if the lien has not been avoided, paid, or modified. 11 *U.S.C.A.* § 522(c)(2). The debtors' personal liability for the underlying debt is discharged in bankruptcy, but the lien created before bankruptcy against real property survives. The judge stated that *N.J.S.A.* 2A:16–49.1 provides the debtor with an ancillary remedy to achieve his "fresh start" to assure that judgments intended to be discharged are removed from the official record and will not continue as a cloud on title. Therefore, judgment creditors whose liens were subject to discharge or release in bankruptcy and who did not levy on the real property prior to the bankruptcy filing may enforce a valid lien on real property post-discharge but must do so within one year of discharge. If the judgment creditor has not levied within one year of discharge, the lien is subject to cancellation pursuant to *N.J.S.A.* 2A:16–49.1.

Judge Hogan noted that neither party disputed that Citi levied only on a bank account of plaintiffs pre-petition but did not levy on plaintiffs' real property pre-petition or within one year of discharge. Therefore, the judge held the judgment lien was subject to cancellation pursuant to *N.J.S.A.* 2A:16–49.1.

However, he also held that a court of equity could not permit the failure to levy within one year of discharge to control the disposition of Citi's lien because it had no notice, until plaintiffs

filed this complaint, of the bankruptcy filing, the discharge in bankruptcy, and the need to act within one year of that event. He ruled that to permit cancellation under the circumstances of this case would deny Citi's property rights without due process of law. The judge determined that the one year statutory period applies as of the date Citi had actual notice of the discharge, and that date was as of the filing date of plaintiffs' complaint to cancel the Citi judgment lien. Moreover, because the validity of the judgment lien was at issue in this litigation, Judge Hogan noted Citi could not exercise its right to levy. Therefore, he held that Citi should have one year to levy on plaintiffs' real property "as of the closing of this case." By order dated July 28, 2011, Judge Hogan denied plaintiffs' motion for reconsideration.

On appeal, plaintiffs argue that due process principles do not require Citi receive actual notice of a discharge in bankruptcy to permit plaintiffs to exercise the statutory remedy. Furthermore, Citi is not entitled to equitable tolling of the one year period provided by statute because Citi had notice of the bankruptcy filing or discharge in time to exercise its right to levy, and the statute does not require the judgment debtor to notify the judgment creditor of the discharge. Citi responds it is undisputed it lacked actual knowledge of the bankruptcy filing until plaintiffs sought to cancel the Citi judgment. Citi also contends the judge acted within his authority to equitably toll the one year period under the undisputed facts of this case.

*N.J.S.A.* 2A:16–49.1 provides:

At any time after 1 year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, or to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order shall be made directing said judgment to be canceled and discharged of record; and thereupon the clerk of said court shall cancel and discharge the same by entering on the record or in the margin of the record of judgment, that the same is canceled and discharged by order of the court, giving the date of entry of the order of discharge. *Where the judgment was a lien on real*

*property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy.* Notice of the application, accompanied with copies of the papers upon which it is made, must be served upon the judgment creditor, or his attorney of record in said judgment, in the manner prescribed in R.R. 4:5–1 ...; provided, however, nothing herein contained shall prevent said judgment notwithstanding such discharge of record from being used as a set-off in any action in which it otherwise could be used. (Emphasis added.)

This statute has been described as a housekeeping measure to assure that judgments discharged in bankruptcy do not remain of record, cloud title, and require payment in the future. *The Party Parrot, Inc. v. Birthdays & Holidays, Inc.*, 289 *N.J.Super.* 167, 173, 673 *A.*2d 293 (App.Div.1996); *Assocs. Commercial Corp. v. Langston*, 236 *N.J.Super.* 236, 240, 565 *A.*2d 702 (App.Div.), *certif. denied*, 118 *N.J.* 225, 570 *A.*2d 979 (1989). If the judgment sought to be discharged through the procedure afforded by this statute is also a lien on real property, the threshold and controlling issue is whether the judgment was subject to discharge or release in bankruptcy. *Ibid.; Chem. Bank v. James*, 354 *N.J.Super.* 1, 9, 803 *A.*2d 1166 (App.Div.2002). If the lien was not subject to discharge, the statutory housekeeping remedy is not available to the judgment debtor. *Ibid.* Moreover, in determining whether a lien is subject to discharge or release in bankruptcy, it is enough that the debtor could have obtained a discharge of the lien through the bankruptcy proceedings, the debtor need not have actually obtained a discharge of the lien. *Ibid.; Assocs. Commercial, supra*, 236 *N.J.Super.* at 241, 565 *A.*2d 702. Abandonment of property by the trustee does not affect whether a judgment lien is subject to discharge or release. *Chem. Bank, supra*, 354 *N.J.Super.* at 10, 803 *A.*2d 1166.

In *Party Parrot*, we explained the effect of a determination that a judgment, which also serves as a lien on real property, is subject to discharge or release in bankruptcy. We said:

Section 524(a) of the Code [11 *U.S.C.A.* § 524(a) ] indicates that a discharge voids any judgment only "to the extent that such judgment is a determination of the

personal liability of the debtor with respect to [a discharged] debt" and operates to foreclose any act to collect "any such debt as a personal liability of the debtor." While a discharge in bankruptcy generally prohibits further *in personam* actions against the discharged debtor, it does not prohibit creditors from proceeding *in rem* against the debtor's property. *See Johnson v. Home State Bank,* 501 *U.S.* 78, 82–83, 111 *S.Ct.* 2150, 2153, 115 *L.Ed.*2d 66, 74 (1991); *Furnival Machinery Co. v. King,* 142 *N.J.Super.* 251, 254, 361 *A.*2d 91 (App.Div.1976); 3 *Collier on Bankruptcy* ¶ 522.27, at 522–92 (15th ed. 1995). *Compare New Brunswick Savs. Bank v. Markouski,* 123 *N.J.* 402, 411, 587 *A.*2d 1265 (1991) (explaining that a valid lien is established by docketing a judgment, and a levy and execution are unnecessary) *and In re Arevalo* [142 *B.R.* 111], 112 [ (Bankr.D.N.J.1992) ] (citing *Estate of Lellock v. Prudential Ins. Co. of Am.,* 811 *F.*2d 186, 189 (3d Cir.1987) (stating that a valid lien passes through bankruptcy unaffected)) *and PNC Bank, Nat. Ass'n v. Balsamo,* 430 *Pa.Super.* 360 [634 *A.*2d 645] (1993) ("[I]f valid liens on property were extinguished along with personal debts and liabilities, this would effect more of a 'head start' than a 'fresh start,' and such a policy could have the detrimental effect of unreasonably encouraging homeowners and other property owners to file bankruptcy petitions"; citing numerous bankruptcy court decisions to the same effect), *appeal denied,* 538 *Pa.* 659 [648 *A.*2d 790] (1994).

[*Party Parrot, supra,* 289 *N.J.Super.* at 173–74, 673 *A.*2d 293.]

Here, the Citi judgment lien was subject to discharge or release in the plaintiffs' bankruptcy proceeding. In *Party Parrot,* we explained that a trustee in bankruptcy has a variety of powers to administer a bankrupt estate. The trustee stands in the position of a hypothetical lienholder at the time the debtor files its bankruptcy petition. *Id.* at 174, 673 *A.*2d 293. Section 544(a)(2) permits the trustee to avoid certain liens over which he has priority as determined by state law. *Ibid.* Under New Jersey law, priority is determined by order of executed liens and execution is determined by the date of delivery of a writ of execution to the sheriff and actual levy on the debtor's property. *Id.* at 175, 673 *A.*2d 293. In other words,

[t]he trustee, as a hypothetical executing judicial lienholder ... would have been without power under § 544(a)(2) to avoid plaintiff's interest in defendant's real property if there was a levy before defendant's bankruptcy filing. If, however, no levy had been [made], plaintiff's lien was subject to complete avoidance and therefore would now be unenforceable and subject to discharge of record.

[*Id.* at 175, 673 *A.*2d 293.]

A trustee can also avoid a judicial lien if it is a preference pursuant to 11 *U.S.C.A.* § 547, or a fraudulent conveyance pursuant to 11 *U.S.C.A.* § 548. The trustee may also seek to reduce the

creditor's lien to the judicially determined value of the property pursuant to 11 *U.S.C.A.* § 506(d) or avoid a pre-petition judicial lien when it impairs his exemption right whether or not there has been a levy. *Ibid.*

■ Citi levied on a personal bank account but not the real property pre-petition. That levy did not perfect its lien to the Hamilton and Delran real property. Therefore, Citi's judgment lien was unperfected at the time plaintiffs filed their bankruptcy petition and was subject to avoidance under the Bankruptcy Code. *Party Parrot, supra*, 289 *N.J.Super.* at 171, 673 *A.*2d 293. Citi also did not levy on plaintiffs' real property within one year of discharge; therefore, the Citi judgment lien was subject to cancellation pursuant to *N.J.S.A.* 2A:16–49.1. If Citi had levied on the real property pre-petition, the trustee would have had no pre-petition power to avoid that lien. The judgment lien would have survived bankruptcy, and it would not be a candidate for cancellation pursuant to *N.J.S.A.* 2A:16–49.1, but the lien would not apply to real property acquired post-discharge.

As noted, the discharge in bankruptcy only discharges the personal liability incurred by the debtors. Unless avoided or released during the bankruptcy proceeding, the judgment remains enforceable against the real property owned by the debtor, and the judgment creditor has one year to levy against that property. Debtors, such as plaintiffs, cannot utilize the state statutory remedy until one year has elapsed from the date of discharge to permit a judgment creditor to enforce its lien against real property retained by the debtor. Without notice of the discharge, however, the remedy available to the judgment creditor is a hollow one.

Plaintiffs contend that *N.J.S.A.* 2A:16–49.1 does not contain a notice requirement. Notice is implicit to invoke this remedy and is supplied, if the debtor included the names, addresses, and a description of the amount and nature of the claim in the bankruptcy petition. If that occurs, a judgment creditor, such as Citi, receives the order disposing of the bankruptcy petition and notice

of the discharge. At this point, a judgment creditor obtains the information upon which it may act within a year to pursue enforcement of its judgment.

Here, plaintiffs never listed Citi as a creditor, but listed only the lawyer and never identified the firm that represented Citi in the civil action in which Citi obtained the $107,453.08 claim as a money judgment recorded and docketed in the Superior Court; thus, Citi never received the information it needed to protect its interests. *Maldonado v. Ramirez*, 757 *F.*2d 48, 51 (3d Cir.1985). Citi never received notice that plaintiffs had received a discharge in bankruptcy; therefore, Citi could not exercise its right to enforce its judgment within one year of the discharge in bankruptcy. Whereas *N.J.S.A.* 2A:16–49.1 does not require debtors, such as plaintiffs, to send a new round of notices of their discharge to their judgment creditors, the statute assumes each creditor has received the requisite notice through the bankruptcy proceeding. If a judgment creditor has not received that notice, the debtor should not receive the benefit of this "fresh start" remedy until the judgment creditor receives notice and an opportunity to protect its interests.

 Plaintiff also argues that Judge Hogan improperly invoked his equitable powers to toll the one year period permitted by *N.J.S.A.* 2A:16–49.1. The one year period in which a creditor may enforce a judgment that has survived bankruptcy has the features of a limitations period. A debtor must wait at least a year following a discharge in bankruptcy to apply to cancel a judgment that survived bankruptcy. If the judgment creditor enforces the judgment within that period, the debtor loses the statutory remedy. After one year, if the debtor applies to cancel the judgment before the judgment creditor seeks to enforce it, the debtor is entitled to cancellation of the judgment assuming it was not subject to discharge or release in bankruptcy.

 New Jersey law distinguishes between substantive and procedural statutes of limitations: substantive ones occur in legislation that creates causes of action, whereas procedural ones place a time-limit on common law causes of action. *LaFage v. Jani*, 166

*N.J.* 412, 421–22, 766 *A.*2d 1066 (2001). Both may be adjusted by equitable principles. *See ibid. Roa v. Roa,* 402 *N.J.Super.* 529, 955 *A.*2d 930 (App.Div.2008), *aff'd in part, rev'd in part,* 200 *N.J.* 555, 985 *A.*2d 1225 (2010), specifically applies these principles to a statute of limitations. There, the court held that it could equitably toll a statute of limitations for failure to provide notice in a Title VII action, so long as the party seeking an equitable tolling exercised "reasonable insight and diligence" in trying to discover the problem within the statutory limitations period. *Id.* at 544, 955 *A.*2d 930. *See also Bernoskie v. Zarinsky,* 383 *N.J.Super.* 127, 135, 890 *A.*2d 1013 (App.Div.) (internal citations omitted) (wrongdoer who concealed his identity cannot benefit from a statute of limitations), *certif. denied,* 186 *N.J.* 604, 897 *A.*2d 1059 (2006); *Dunn v. Borough of Mountainside,* 301 *N.J.Super.* 262, 280, 693 *A.*2d 1248 (App.Div.1997) (wrongdoer who omits identifying information and fails to file report cannot garner benefit of limitations period), *certif. denied,* 153 *N.J.* 402, 709 *A.*2d 795 (1998).

Under the unique circumstances of this case, Judge Hogan properly exercised the equitable powers vested in him. As we have discussed, the remedy afforded by *N.J.S.A.* 2A:16–49.1 is a corollary of a bankruptcy proceeding that permits a debtor to obtain a discharge of debts and a creditor to object to the allowance of some claims, the disallowance of other claims, the priority afforded to some claims, and the discharge of some or all of the debtor's obligations. Notice to all creditors of the existence of the proceeding and the relief sought in that proceeding is a prerequisite to receiving the relief provided by the Bankruptcy Code. If the underlying proceeding is compromised by a lack of notice to a debtor's largest creditor, the terms of the ancillary remedy available to the creditor should be subject to adjustment. Here, it is undisputed that Citi did not receive actual knowledge of the Chapter 7 proceeding and the discharge obtained by plaintiffs until November 10, 2005, when plaintiffs filed this complaint to cancel the mortgage. Moreover, the validity of Citi's judgment

was contested in this litigation which prevented it from seeking to enforce its judgment.

Plaintiffs cannot equitably obtain the benefit afforded to them by *N.J.S.A.* 2A:16–49.1 against a record that demonstrates their largest judgment creditor lacked the knowledge to enforce its judgment due to their omission in the underlying proceedings. Unlike *Lever v. Thomas,* 340 *N.J.Super.* 198, 774 *A.*2d 511 (App. Div.2001), Citi did not enforce its judgment because it lacked knowledge not only of the bankruptcy proceeding but also the discharge in bankruptcy.

Plaintiffs' final argument, that disputed issues of material fact precluded entry of summary judgment in favor of Citi, is without sufficient merit to warrant discussion in a written opinion. *R.* 2:11–3(e)(1)(E). Plaintiffs conceded at various times throughout this protracted proceeding that the only mention of the Citi claim appeared in its petition under the name of the law firm that represented Citi in the civil action that produced the 1997 judgment without any mention that the claim had been reduced to judgment. It is undisputed that Citi never received actual notice of the petition or the discharge.

We, therefore, affirm the June 17, 2011 order granting Citi's motion for summary judgment and the July 28, 2011 order denying plaintiff's motion for reconsideration.