SYLLABUS

(This syllabus is not part of the opinion of the Court.  It has been prepared by the Office of the Clerk for the convenience of the reader.  It has been neither reviewed nor approved by the Supreme Court.  Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

### Robert D. Gaskill v. Citi Mortgage, Inc. (A-51-13) (071804)

**Argued April 13, 2015 -- Decided May 28, 2015.**

**(NOTE: The Court did not write a plenary opinion in this case. Instead, the Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Cuff's written opinion, which is published at 428 N.J. Super. 234 (App. Div. 2012).)**

In this appeal arising from plaintiffs' complaint to cancel and discharge a judgment lien held by defendant following the conclusion of bankruptcy proceedings, the Court considers the application of N.J.S.A. 2A:16-49.1. The statute allows a debtor, whose debts have been discharged in bankruptcy, to apply to the state court that entered a judgment for an order directing that it be canceled and discharged.

In 1997, the Superior Court entered a default judgment against plaintiffs and in favor of defendant.  As a result of the judgment, defendant was able to obtain a lien on all of plaintiffs' real property in New Jersey.  Four years later, plaintiffs instituted a Chapter 7 bankruptcy proceeding.  Because plaintiffs listed the law firm that had represented defendant, rather than defendant itself, in their Chapter 7 petition, the bankruptcy court did not provide defendant with notice of the bankruptcy proceeding.  The bankruptcy court subsequently discharged plaintiffs' debt and closed the Chapter 7 case.  Defendant did not attempt to levy on plaintiffs' property at any time prior to the bankruptcy filing, nor did it seek to enforce the lien once the bankruptcy was discharged.

More than three years later, plaintiffs filed this action under N.J.S.A. 2A:16-49.1, which requires the debtor to wait at least a year following a bankruptcy discharge before seeking the cancellation of a judgment lien.  The trial court granted defendant's subsequent motion for summary judgment and dismissed plaintiffs' claim, finding that because defendant had not received notice of the bankruptcy proceeding, due process principles would be violated if the lien was canceled prior to the expiration of a year following the date upon which defendant learned of the bankruptcy proceeding.  Consequently, the trial court equitably tolled the one-year period prescribed by the statute.

In a published decision, the Appellate Division affirmed the trial court's determination.  The panel agreed that defendant had not received the required notice of the bankruptcy petition or the bankruptcy discharge.  The panel held that N.J.S.A. 2A:16-49.1 was drafted on the assumption that any creditor subject to its terms had received notice of the bankruptcy proceeding and that the tolling of the one-year waiting period prescribed by the statute was appropriate.  This Court granted certification.  217 N.J. 52 (2014).

**HELD**: The judgment of the Appellate Division is **AFFIRMED** substantially for the reasons expressed in Judge Cuff's opinion.

1. The Court notes that plaintiffs' reliance on Judd v. Wolfe, 78 F.3d 110 (3d Cir. 1996) is misplaced, as Judd addresses a procedural question of federal bankruptcy law distinct from the issue raised by this appeal.  In Judd, the Third Circuit did not consider the effect of a debtor's failure to provide notice to a creditor of a Chapter 7 bankruptcy petition on the debtor's right to cancel a judgment lien under state statutory law.  Instead, the court there considered the procedural requirements imposed by federal bankruptcy law, following the closing of a bankruptcy case, on a debtor who has failed to list a claim on the schedule of creditors submitted in a Chapter 7 no-asset case.  The Third Circuit held that such a debtor is not required to file a motion to reopen the bankruptcy case in order to discharge the debt that had been omitted from the schedule, unless one or more of the exceptions enumerated in 11 U.S.C.A. § 523 applied.  The Third Circuit further acknowledged that, in a bankruptcy case that does involve assets, the debt of an unnoticed creditor is not discharged unless that creditor received notice in time to file proof of claim.  (pp. 4-5)

2. The circumstances of this case stand in contrast to the no-asset setting of Judd, in which action taken by the creditor in the bankruptcy proceedings would have been futile even if it had received timely notice of the bankruptcy petition

and the subsequent discharge. As the trial court and Appellate Division noted, had defendant here received notice of the bankruptcy petition and discharge, it would have been in a position to enforce its lien during the year following the bankruptcy discharge, as permitted by N.J.S.A. 2A:16-49.1. Timely notice would have enabled the creditor to take action within the time limit imposed by the statute to protect its interest in the real property at issue. Accordingly, the Third Circuit's holding in Judd does not address the due process argument that was raised by the debtor in this case. The Court agrees with the Appellate Division that such notice is required before a debtor may invoke the protection of N.J.S.A. 2A:16-49.1 and that equitable tolling was an appropriate remedy in the circumstances of this case. (pp. 6-8)

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, PATTERSON, and FERNANDEZ-VINA; and JUDGE FUENTES (temporarily assigned) join in this opinion. JUSTICES ALBIN and SOLOMON did not participate.**

ROBERT D. GASKILL and
KATHLEEN GASKILL, h/w,

    Plaintiffs-Appellants,

       v.

CITI MORTGAGE, INC., f/k/a
CITICORP MORTGAGE, INC.,

    Defendant-Respondent.


        Argued April 13, 2015 – Decided May 28, 2015

        On certification to the Superior Court,
        Appellate Division, whose opinion is
        reported at 428 N.J. Super. 234 (App. Div.
        2012).

        Joseph M. Pinto argued the cause for
        appellants (Polino and Pinto, attorneys).

        Mary Lynn McCaffrey argued the cause for
        respondent (Isabel L. Becker, attorney).

    PER CURIAM.

    This appeal arises from plaintiffs' complaint to cancel and discharge a creditor's judgment lien held by defendant Citi Mortgage, Inc. (Citi), following the conclusion of bankruptcy proceedings conducted pursuant to Chapter 7 of the United States Bankruptcy Code (Chapter 7), 11 U.S.C.A. §§ 701-784. In 1997, the Superior Court entered a default judgment in favor of Citi against plaintiffs, and by virtue of its docketing of that

judgment, Citi obtained a lien on all of plaintiffs' real property in New Jersey. Four years later, plaintiffs instituted a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court. Because plaintiffs listed the law firm that had represented Citi, rather than Citi itself, in their Chapter 7 petition, the bankruptcy court did not provide notice of the proceeding to Citi. After the bankruptcy trustee abandoned two of plaintiffs' New Jersey properties, the bankruptcy court discharged plaintiffs' debt and closed their Chapter 7 case. Citi did not attempt to levy on plaintiffs' property at any time prior to the bankruptcy filing and did not seek to enforce its lien in the wake of plaintiffs' bankruptcy discharge.

More than three years after the bankruptcy discharge, plaintiffs filed this action under N.J.S.A. 2A:16-49.1. That statute permits a debtor, whose debts have been discharged in bankruptcy, to apply to the state court that has entered a judgment against the debtor, or has docketed the judgment, for an order directing the judgment to be canceled and discharged. N.J.S.A. 2A:16-49.1. The statute requires the debtor to wait at least a year following his or her bankruptcy discharge before seeking the cancellation and discharge of the judgment lien. Ibid. Pursuant to N.J.S.A. 2A:16-49.1, plaintiffs sought an order cancelling Citi's judgment lien on the two properties.

2

The trial court granted Citi's motion for summary judgment and dismissed plaintiffs' claim. The court acknowledged that a judgment creditor, such as Citi, who has not levied on the debtor's property prior to the debtor's filing of a bankruptcy petition, may enforce its valid lien following the bankruptcy discharge, but must do so within the year following the discharge. The court explained that if Citi did not enforce its lien within that period, its lien could be canceled pursuant to N.J.S.A. 2A:16-49.1. The trial court found, however, that Citi had not received notice of plaintiffs' Chapter 7 bankruptcy proceeding. It accordingly ruled that due process principles would be violated if Citi's judgment lien was canceled prior to the expiration of a year following the date upon which Citi belatedly learned of the bankruptcy proceedings and plaintiffs' attempt to cancel its lien. Consequently, the trial court equitably tolled the one-year period prescribed by the statute.

In a published opinion, the Appellate Division affirmed the determination of the trial court. Gaskill v. Citi Mortg., Inc., 428 N.J. Super. 234, 237 (App. Div. 2012). The panel concluded that the Citi judgment lien was subject to discharge or release in plaintiffs' bankruptcy proceedings and was consequently subject to cancellation pursuant to N.J.S.A. 2A:16-49.1. Id. at 242-43. The panel agreed with the trial court that Citi had not received the required actual notice of the bankruptcy petition

3

or the bankruptcy discharge obtained by plaintiffs. Id. at 245-46. It held that N.J.S.A. 2A:16-49.1 was drafted on the assumption that any creditor subject to its terms had received notice of the bankruptcy proceeding. Ibid. The panel ruled that the trial court's remedy of equitable tolling of the one-year waiting period prescribed by N.J.S.A. 2A:16-49.1 was proper. Id. at 245. We granted certification. 217 N.J. 52 (2014).

We affirm, substantially for the reasons stated by the Appellate Division. We add only brief comments with respect to the decision of the United States Court of Appeals for the Third Circuit in Judd v. Wolfe, 78 F.3d 110 (3d Cir. 1996), upon which plaintiffs substantially rely in their argument before this Court. For the reasons that follow, we consider Judd to address a procedural question of federal bankruptcy law that is distinct from the issue raised by this appeal and accordingly find that it does not support plaintiffs' argument.

In Judd, the Third Circuit did not consider the issue raised by this case: the effect of a debtor's failure to provide notice to a creditor of a Chapter 7 bankruptcy petition on the debtor's right to cancel a judgment lien under state statutory law. Instead, the court considered the procedural requirements imposed by federal bankruptcy law, following the closing of the bankruptcy case, on a debtor who has failed to

4

list a claim on the schedule of creditors submitted in a Chapter 7 no-asset case in which no bar date has been set. Id. at 111. The Third Circuit held that such a debtor is not required to file a motion to reopen the bankruptcy case, pursuant to 11 U.S.C.A. § 350(b), in order to discharge the debt that had been omitted from the schedule, unless one or more of the statutory exceptions to discharge applied. Ibid.[1]

In support of its holding, the Third Circuit pointed to the text of 11 U.S.C.A. § 727(b), which provides that "[e]xcept as provided in section 523 of this title, a discharge . . . discharges the debtor from all debts that arose before the date of the order for relief under this chapter." 11 U.S.C.A. § 727(b); Judd, supra, 78 F.3d at 113-14. The court explained that 11 U.S.C.A. § 523 provides that the only situation in which a debt is not discharged is if it was "'[n]either listed nor scheduled . . . in time to permit . . . timely filing of a proof of claim.'" Judd, supra, 78 F.3d at 114 (quoting 11 U.S.C.A. §

_____

[1] Subsections (a)(2), (a)(4), and (a)(6) of 11 U.S.C.A. § 523 exempt from discharge "debts incurred by false pretenses, false representation or actual fraud . . . (523(a)(2)); debts incurred by fraud or defalcation while acting as a fiduciary . . . (523(a)(4)); and debts for willful and malicious injury . . . (523(a)(6))." Id. at 114 (internal quotation marks omitted). The Third Circuit explained that "[i]f the debt at issue is not a debt described under section 523(a)(2), (4) or (6), the debt has been discharged by virtue of section 727(b), whether or not it was listed. If, however, the debt is a debt that falls under sections 523(a)(2), (4) or (6), the debt is not discharged by virtue of section 523(a)(3)(B)." Id. at 115.

5

523(a)(3)(A)).  The Third Circuit further noted that "[b]ecause [the case before it] is a 'no-asset' Chapter 7 case, the time for filing a claim has not, and never will, expire unless some exempt assets are discovered; thus, section 523(a)(3)(A) cannot be applied" to prevent the discharge of an unlisted debt in a no-asset case.  Ibid.  The court held that such an unscheduled debt is discharged even if that discharge may disadvantage or prejudice the unlisted creditor.  See id. at 113 n.6, 115, 116 n.13.  "In a case where there are no assets to distribute," the creditor's "right to file a proof of claim is a hollow one," because "[a]n omitted creditor who would not have received anything even if he had been originally scheduled, [is] not . . . harmed by omission from the bankrupt's schedules and the lack of notice to file a proof of claim."  Id. at 115.  Accordingly, the Third Circuit reasoned, the failure to give notice to the creditor in the bankruptcy proceeding could not affect that creditor's position, because there were no assets in any event.  Ibid.

The Third Circuit acknowledged, however, that in a bankruptcy case that involves assets, the debt of an unnoticed creditor is not discharged unless that creditor received notice in time to file a proof of claim.  See id. at 114-15.  Moreover, any intentional tort debt is not discharged unless the creditor

6

received notice in time to file a complaint pursuant to 11 U.S.C.A. § 523(c).  See id. at 114 n.9.

The circumstances of this case stand in contrast to the no-asset setting of Judd, in which action taken by the creditor in the bankruptcy proceedings would have been futile even if it had received timely notice of the bankruptcy petition and the subsequent discharge.  As noted by the trial court and the Appellate Division, had Citi received notice of the bankruptcy petition and discharge in this case, it would have been in a position to enforce its lien during the year following the bankruptcy discharge, as permitted by N.J.S.A. 2A:16-49.1. Gaskill, supra, 428 N.J. Super. at 243-44.  The notice that was omitted in this case would not have been meaningless, as it was in the no-asset, no-bar date setting of Judd.  Instead, timely notice would have enabled the creditor to take action within the time limitation of N.J.S.A. 2A:16-49.1 to protect its interest in the real property at issue.

Accordingly, the Third Circuit's holding in Judd does not address the due process argument that was raised by the debtor in this case:  whether notice to a creditor of a Chapter 7 bankruptcy proceeding and discharge constitutes a prerequisite to the cancellation and discharge of a judgment under N.J.S.A. 2A:16-49.1.  We concur with the Appellate Division's conclusion that such notice is required before a debtor may invoke the

7

protection of N.J.S.A. 2A:16-49.1, and that equitable tolling was an appropriate remedy in the circumstances of this case.

The judgment of the Appellate Division is affirmed.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, PATTERSON, and FERNANDEZ-VINA; and JUDGE FUENTES (temporarily assigned) join in this opinion. JUSTICES ALBIN and SOLOMON did not participate.

8

# SUPREME COURT OF NEW JERSEY

NO.   A-51                                    SEPTEMBER TERM 2013

ON CERTIFICATION TO     Appellate Division, Superior Court

ROBERT D. GASKILL and
KATHLEEN GASKILL, h/w,

     Plaintiffs-Appellants,

       v.

CITI MORTGAGE, INC., f/k/a
CITICORP MORTGAGE, INC.,

     Defendant-Respondent.

DECIDED             May 28, 2015

          Chief Justice Rabner                    PRESIDING

OPINION BY             Per Curiam

CONCURRING/DISSENTING OPINIONS BY

DISSENTING OPINION BY

| CHECKLIST | AFFIRMED | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUDGE FUENTES (t/a) | X | |
| TOTALS | 5 | |