**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4618-17T3

COOPER ELECTRIC SUPPLY
CO.,

     Plaintiff-Respondent,

v.

J & JAY ELECTRIC, INC.,

     Defendant,

and

GERALD R. DAVIS, individually,

     Defendant-Appellant.

_____

        Submitted March 16, 2020 – Decided September 11, 2020

        Before Judges Ostrer and Vernoia.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-4401-09.

        Michael Anthony Caudo, attorney for appellant.

        Respondent has not filed a brief.

PER CURIAM

Gerald R. Davis appeals from the trial court's order denying his post-bankruptcy application to discharge a judgment lien on the residential real property he owns with his wife. Davis relies on N.J.S.A. 2A:16-49.1. The statute is designed to "assure that judgments intended to be discharged under federal bankruptcy law" will not burden title to a bankrupt debtor's property. Chemical Bank v. James, 354 N.J. Super. 1, 8 (App. Div. 2002). The dispositive issue under the statute is whether the Bankruptcy Court could have discharged the judgment lien. If it could — regardless of whether it did — then the Superior Court is obliged to discharge the lien. N.J.S.A. 2A:16-49.1. By contrast, if the lien was "not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien . . . shall not be affected by said order [discharging the judgment] and may be enforced." Chemical Bank, 354 N.J. Super. at 5 (citing N.J.S.A. 2A:16-49.1). We hold that the judgment lien in this case was "subject to" discharge or release by the Bankruptcy Court, notwithstanding that only the underlying debt was actually discharged. Therefore, the trial court erred in refusing to discharge and cancel the lien.

The factual record is sparse. In the wake of the 2008 recession, Davis and his electrical contracting firm failed to pay their suppliers and other creditors.

A-4618-17T3

One of them, Cooper Electric, obtained a $44,047.95 default judgment against Davis and his firm. By docketing that judgment, Cooper Electric obtained a lien on Davis's real property in the State, including the Atlantic County residence he owns as tenants by the entireties with his wife.

On November 15, 2010, the Davises jointly filed a Chapter 7 bankruptcy petition. However, sometime before that, according to the trial court, Cooper Electric obtained a writ of execution in connection with its judgment lien. However, the record does not include the writ or any related evidence. Nor does the record include any evidence pertaining to whether the Sheriff served the writ, and thereafter levied on the Davises' property.

In their bankruptcy petition, the Davises listed several secured creditors, but Cooper Electric was not among them. Notably, the Davises owed over $525,000 to Fox Chase Federal Savings Bank, which held two mortgages on their residential property. They estimated the house had a fair market value of $400,000. The bankruptcy trustee did not seek to discharge Cooper Electric's lien and ultimately abandoned the property under 11 U.S.C. § 554(a), which authorizes abandonment if the property "is burdensome to the estate or . . . is of inconsequential value and benefit to the estate."

3

The Davises listed Cooper Electric as an unsecured creditor under Schedule F. Cooper Electric eventually submitted a proof of claim for $44,338.35. In resolving the Davises' bankruptcy, the Chapter 7 Trustee distributed $3,074.21 to Cooper Electric. On August 12, 2011, Davis obtained an order of discharge pursuant to 11 U.S.C. § 727.

Over six years later, Davis filed his application under N.J.S.A. 2A:16-49.1 to cancel and discharge Cooper Electric's judgment lien. Cooper Electric opposed the application.[1] On May 1, 2018, the court denied Davis's motion, stating, "Denied based on opposition. Court understands that a writ of execution was issued prior to filing."

On appeal, Davis argues the trial court erroneously interpreted N.J.S.A. 2A:16-49.1. As the appeal turns on a purely legal determination, our review is de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We turn first to the statute. N.J.S.A. 2A:16-49.1 consists of three pertinent parts. First, a bankrupt debtor may apply for discharge of docketed judgments related to debts the Bankruptcy Court discharged a year or more earlier:

> At any time after 1 year has elapsed, since a bankrupt
> was discharged from his debts, pursuant to the acts of

---

[1] The record does not include the parties' submissions.

A-4618-17T3

Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, or to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order directing the judgment to be canceled and discharged of record.

[N.J.S.A. 2A:16-49.1.]

Second, if the debtor establishes the discharge, then the court shall enter an order requiring the clerk to cancel and discharge the judgment.

If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order shall be made directing said judgment to be canceled and discharged of record; and thereupon the clerk of said court shall cancel and discharge the same by entering on the record or in the margin of the record of the judgment, that the same is canceled and discharged by order of the court, giving the date of entry of the order of discharge.

[Ibid.]

The third part of the statute addresses what happens to the judgment lien. In short, it provides that a pre-bankruptcy lien shall also be discharged, unless it was not subject to discharge by Bankruptcy Court.

Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects

5

the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy.

[Ibid. (emphasis added).][2]

Davis filed his application more than one year after the Bankruptcy Court discharged his debts; and the discharge included the debt underlying Cooper Electric's judgment. As we have noted, the key issue is whether the judgment lien was "subject to be discharged or released" by the Bankruptcy Court.

If the lien was not subject to discharge or release, then the statute affords a debtor no right to relief from the lien. See Gaskill v. Citi Mortg., Inc., 428 N.J. Super. 234, 241 (App. Div. 2012), aff'd, 221 N.J. 501 (2015); The Party Parrot, Inc. v. Birthdays & Holidays, Inc., 289 N.J. Super. 167, 173 (App. Div. 1996). However, if the lien was subject to be discharged or released, then the debtor is entitled to relief — even if, as in this case, the debtor did not actually obtain a discharge of the lien from the Bankruptcy Court, and the bankruptcy trustee abandoned the property subject to the lien. As we explained in Gaskill, "[I]t is enough that the debtor could have obtained a discharge of the lien through the bankruptcy proceedings[;] the debtor need not have actually obtained a

_____

[2] A fourth part of the statute describes the notice that applicant must provide, and preserves a creditor's right to use the judgment as a set-off. Ibid.

discharge of the lien." 428 N.J. Super. at 241. Also, "[a]bandonment of property by the trustee does not affect whether a judgment lien is subject to discharge." Ibid.; see also Chemical Bank, 354 N.J. Super. at 10.

Bankruptcy law determines whether the judgment lien is "subject to be discharged or released." See N.J.S.A. 2A:16-49.1. Although the Bankruptcy Court's power to discharge or release a judgment lien may arise from multiple sources, we focus on 11 U.S.C. § 522(f). We conclude Cooper Electric's lien was "subject to be discharged or released" based on the trustee's power to avoid a pre-petition judicial lien under that section.

The provision states that "a debtor can avoid a pre-petition judicial lien to the extent that he can show that such lien impairs his exemption right whether or not there has been a levy." Party Parrot, 289 N.J. Super. at 175 (citing 11 U.S.C. § 522(f)(1)). The section states that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is . . . a judicial lien . . . . " 11 U.S.C. § 522(f)(1)(A).

No doubt, Cooper Electric's judgment lien is a "judicial lien" under the section. A "judicial lien" is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). And a

"lien" is a "charge against or interest in property to secure payment of a debt or performance of an obligation."  11 U.S.C. § 101(37).

We must therefore determine whether, and to what extent, Cooper Electric's lien "impairs an exemption to which" Davis would have been entitled. Since 1994, the Bankruptcy Code has included a simple mathematical formula for answering that question.[3]  The statute provides:

> (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.
>
> (B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in

---

[3]  In applying the pre-1994 statute in Party Parrott, 289 N.J. Super. at 176, we recognized that federal courts adopted varying approaches, and we followed the one adopted in In re Menell, 37 F.3d 113 (3d Cir. 1994).  The federal courts have since recognized that the 1994 amendment superseded Menell.  See Summit Bank v. Vessel "Harbor Light", 260 B.R. 694, 696 n.2 (D.N.J. 2001); In re Piersol, 244 B.R. 309, 312 n.1 (Bankr. E. D. Pa. 2000).  See also Chemical Bank, 354 N.J. Super. at 9-10 n.1 (noting that statutory amendments superseded the Menell methodology).

A-4618-17T3

> making the calculation under subparagraph (A) with respect to other liens.
>
> (C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.
>
> [11 U.S.C. § 522(f)(2).]

We must first calculate the sum of the three amounts described in paragraphs (i), (ii) and (iii). The lien under (i) is Cooper Electric's lien of $44,047.95, reduced by its receipt of $3074.21 from the trustee, or $40,973.74. "All other liens on the property" include the Fox Chase mortgages totaling $525,801.[4] Davis contends on appeal that the amount of the exemption he and his wife could claim was $30,000.[5] Thus, the sum of (i), (ii) and (iii) is $596,775. The value of the debtors' interest in their residential real property absent any liens is the market value of their home — $400,000. Subtracting $400,000 from $596,775, the lien impairs an exemption by $196,775. As the

---

[4] We need not grapple with the issue of determining the amount of a lien on property jointly owned by a debtor and non-debtor, as Davis's wife also filed for bankruptcy. See 4 Collier on Bankruptcy ¶ 522.11, n.13 (16th ed. 2020) (discussing cases).

[5] We note that, based on the November 2010 filing, the federal homestead exemption was $43,250 (twice $21,625) for Davis and his wife. See 11 U.S.C. § 522(d)(1) (2000); and 75 Fed. Reg. 8747 (Feb. 25, 2010) (adjusting the amount, effective April 1, 2010). However, as will become evident, the disparity is inconsequential.

A-4618-17T3

impairment exceeds the entire amount of the Cooper Electric lien, the entire lien was subject to avoidance. See e.g., Corson v. Fid. & Gaur. Ins. Co., 206 B.R. 17, 22 (Bankr. D. Conn. 1997) (applying the arithmetical formula in section 522(f)(2)(A)).[6]

As Cooper Electric's lien was subject to avoidance under section 522(f), it was "subject to be discharged" under N.J.S.A. 2A:16-49.1. Our conclusion comports with the directive that section "522(f) must be interpreted to maximize the 'fresh start' principle of the Bankruptcy Code." Piersol, 244 B.R. at 313 (internal quotation marks and citation omitted). It also comports with the intent of N.J.S.A. 2A:16-49.1 to "assure that judgments discharged in bankruptcy do not remain of record, cloud title, and require payment in the future." Gaskill, 428 N.J. Super. at 241.

---

[6] As the total of all liens and exemptions exceeded the property's market value by an amount far greater than the Cooper Electric lien, we need not address the argument that a lien may be avoided in its entirety, even if the total of liens and exemptions exceed the market value by an amount that is less than the lien under consideration. For example, in E. Cambridge Savs. Bank v. Silveira, 141 F.3d 34, 36 (1st Cir. 1998), "the sum of the targeted judicial lien ($209,500), all other liens ($117,680) and the amount of the debtor's exemption ($15,000) exceed[ed] the (stipulated) value of the debtor's property ($157,000), by $185,180." The court rejected the argument that the entire lien should be avoided; and held that the lien should be avoided to the extent of $185,180, leaving $24,320 of the lien in place. Id. at 38. The court explained that a debtor is "entitled to avoid only so much of the . . . [judicial] lien as necessary to prevent impairment of the debtor's exemption within the meaning of § 522(f)(2)(A)." Id. at 36.

A-4618-17T3

As we rely on 11 U.S.C. § 522(f), we need not decide whether the judgment lien is also "subject to be discharged" under 11 U.S.C. § 544(a), as Davis contends. Section 544(a) "provides that the trustee, standing in the position of a hypothetical executing judicial lienholder as of the time of the debtor's bankruptcy filing, can avoid certain liens over which she [or he] has priority." Party Parrot, 289 N.J. Super. at 174. However, a lien is not subject to avoidance under that section if execution of the lien has been accomplished before the petition was filed. Id. at 174-75. We have noted that "'[e]xecution is accomplished only after the creditor delivers the writ to the sheriff and the sheriff actually levies upon the debtor's property.'" Id. at 175 (quoting In re Silverman, 6 B.R. 991, 996 (D.N.J. 1980)).

Davis contends on appeal that even if a writ of execution was issued, there was no delivery and levy. Therefore, he argues, the lien was subject to avoidance. The sparse record simply does not permit us to rest our decision on that ground. The record does not include the writ, or any competent evidence, such as a certification from Davis, to demonstrate that no delivery or levy occurred.

In sum, Cooper Electric's judgment and the lien based thereon against the Davises' property shall be canceled and discharged of record because it was

11

"subject to be discharged or released" under 11 U.S.C. § 522(f). The clerk of the court shall cancel and discharge the judgment by entering on the record or in the margin of the record of the judgment, that the same is canceled and discharged.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4618-17T3