**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0105-22

TWIN BORO LUMBER &
SUPPLY CO.,

     Plaintiff-Appellant,

v.

JAMES K. BOGIE,

     Defendant-Respondent,

and

COMPLETE CONSTRUCTION
COMPANY, a/k/a COMPLETE
CONSTRUCTION CO., INC., and
JAMES K. BOGIE, INC., d/b/a
COMPLETE CONSTRUCTION CO.[1]

     Defendants.

_____

Argued December 5, 2023 – Decided January 11, 2024

Before Judges Rose and Perez Friscia.

_____

[1] Improperly pled as James K. Bogie, Inc.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-4507-10.

Andrew R. Turner argued the cause for appellant.

John F. Wiley, Jr., argued the cause for respondent (Wiley Lavender Maknoor, attorneys; Pankaj Maknoor, on the brief.)

PER CURIAM

Plaintiff Twin Boro Lumber & Supply Co. appeals from an October 6, 2022 Law Division order discharging its judgment against defendant, James K. Bogie, pursuant to N.J.S.A. 2A:16-49.1. We affirm.

The facts are straightforward and largely undisputed. Plaintiff supplied lumber to businesses in the construction trade. In April 2010, Bogie personally guaranteed payment of all goods purchased by his company, defendant Complete Construction Company (collectively, defendants), from plaintiff.

Thereafter, the account became delinquent. In November 2010, plaintiff filed a complaint against defendants demanding $57,656.06 plus interest and costs. Default judgment was entered against defendants in January 2011 for failure to timely answer the complaint. In March 2011, a Union County sheriff's officer attempted a levy on Bogie's personal property, but service was returned unsatisfied. The following month, final judgment in the amount of $57,656.06 plus $240.00 in costs was recorded as a lien on Bogie's real property.

2

Four years later in June 2015, Bogie filed a voluntary Chapter 7 petition in bankruptcy in the District of New Jersey. See 11 U.S.C. § 727. Relevant here, Bogie's petition listed plaintiff as a creditor holding an unsecured nonpriority claim. Bogie also listed his fee simple interest in real property located in Clark. In its merits brief, plaintiff acknowledges it received notice of the bankruptcy filing; there is no indication in the record that plaintiff objected to Bogie's petition. In October 2015, the bankruptcy court discharged plaintiff's judgment.

In September 2022, the motion judge granted Bogie's application to vacate final judgment by default pursuant to Rule 4:50-1 and N.J.S.A. 2A:16-49.1. After plaintiff filed its notice of appeal, the judge held a conference with the parties, expressing an interest in conducting oral argument. We granted plaintiff's ensuing motion for a temporary remand and the judge promptly held oral argument.[2] Shortly thereafter, the judge issued the October 6, 2022 order under review, accompanied by a thorough statement of reasons. The judge squarely addressed the issues raised in view of the governing law and discharged plaintiff's judgment lien pursuant to N.J.S.A. 2A:15-49.1.

---

[2] Before the trial court, defendant withdrew his request to consider his application under Rule 4:50-1.

On appeal, plaintiff argues the motion judge impermissibly "shift[ed] the burden of proof for removal of a lien following bankruptcy" to the judgment creditor. Plaintiff further contends the judge erroneously concluded its judgment lien "impaired" Bogie's exemption, see 11 U.S.C. § 522(f), because Bogie failed to provide competent proof of his real property's value.

We have considered plaintiff's contentions in view of the applicable legal principles and conclude they lack sufficient merit to warrant extensive discussion in a written opinion, R. 2:11-3(e)(1)(E), beyond the comments that follow. We affirm substantially for the reasons stated in the motion judge's cogent statement of reasons.

N.J.S.A. 2A:16-49.1 provides that one year or more after a bankruptcy discharge, a debtor may apply to a court where a judgment has been docketed for an order canceling and discharging the judgment. The judgment should be canceled and discharged "[i]f it appears . . . [the debtor] has been discharged from the payment of that judgment or the debt upon which such judgment was recovered." Ibid. However,

> [w]here the judgment was a lien on real property owned by the [debtor] prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by

4

said order and may be enforced, but in all other respects the judgment shall be of no force or validity . . . .

[Ibid. (emphasis added).]

It is well settled that "[t]o establish a lien against a judgment debtor's real property, a creditor need only enter a judgment in the records of the Superior Court; a levy and execution on real property owned by the judgment debtor are not required." New Brunswick Sav. Bank v. Markouski, 123 N.J. 402, 411 (1991). "A holder of a docketed judgment has a lien on all real property held by the judgment debtor in the state." Id. at 412 (citing N.J.S.A. 2A:16-1, 2A:17-17); see also Chemical Bank v. James, 354 N.J. Super. 1, 8 (App. Div. 2002). However, a judgment lien against a debtor's real property must be "perfected . . . by levying against it prior to the filing of the bankruptcy petition." New Century Fin. Servs. v. Staples, 379 N.J. Super. 489, 497 (App. Div. 2005).

Thus, when a debtor attempts to discharge a valid and perfected judgment lien on real property under N.J.S.A. 2A:16-49.1, "the threshold and controlling issue is whether the judgment [lien] was subject to discharge or release in bankruptcy." Gaskill v. Citi Mortg., Inc., 428 N.J. Super. 234, 241 (App. Div. 2012), aff'd 221 N.J. 501 (2015). The statute applies if "the debtor could have obtained a discharge of the lien through the bankruptcy proceedings[;] the debtor need not have actually obtained a discharge of the lien." Ibid.

5

In Chemical Bank, we held abandonment of real property by a bankruptcy trustee, and consequent survival of liens against real property, did not alter the fact that a judgment lien against the property could have been discharged during the bankruptcy proceeding. 354 N.J. Super. at 9, 11. A judgment lien becomes non-dischargeable only if it is levied upon either before bankruptcy filing or after the bankruptcy trustee's abandonment of the property. Id. at 9, 11-12; see also Gaskill, 428 N.J. Super. at 243; Party Parrot, Inc. v. Birthdays & Holidays, Inc., 289 N.J. Super. 167, 171-72, 175 (App. Div. 1996). As we explained in Party Parrot:

> A lien on the real estate enforced by levy, as opposed to the underlying judgment or indebtedness by [the] defendants for a deficiency, is not subject to discharge or complete avoidance under the provisions of the Bankruptcy Code. If unperfected, however, [the] plaintiff's lien was subject to avoidance under the Code and therefore may now be discharged of record.
>
> [Id. at 171.]

The statute has been described as a housekeeping measure to assure that judgments discharged in bankruptcy do not remain of record, cloud title, or require payment in the future. Id. at 173. The statute's purpose is aligned with "the intention of the Bankruptcy Act, i.e.[,] to give the bankrupt a fresh start in life." Assocs. Com. Corp. v. Langston, 236 N.J. Super. 236, 240 (App. Div.

A-0105-22

1989). Otherwise, "[i]f judgments that have been discharged in bankruptcy are allowed to remain of record, the practical effect may be to require payment at sometime in the future, thereby negating the intended benefits of the bankruptcy proceedings." Ibid. (quoting Sponsor's Statement to N.J.S.A. 2A:16-49.1 (July 10, 1967)).

In the present matter, although plaintiff obtained a valid judgment lien against Bogie, plaintiff failed to levy on the debtor's real property. See Gaskill, 429 N.J. Super. at 239. Accordingly, plaintiff failed to perfect its judgment lien. Because Bogie complied with the requirements set forth in N.J.S.A. 2A:16-49.1, the motion judge correctly concluded plaintiff's judgment lien was dischargeable under the statute and granted the motion.

Nor do we discern any error in the judge's crediting the value of Bogie's residential real property as declared in his bankruptcy petition, which was accepted by the bankruptcy court, as the basis for her conclusion that "plaintiff's judgment lien impair[ed] defendant's exemption" and the "entirety of the lien was subject to avoidance under 11 U.S.C. § 522(f)(2)." Plaintiff was noticed that Bogie listed its judgment lien in his bankruptcy proceeding but filed no objection. We therefore discern no reason to disturb the motion judge's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0105-22