**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2208-17T1

U.S. BANK TRUST, N.A.,
AS TRUSTEE FOR LSF9
MASTER PARTICIPATION
TRUST,

     Plaintiff-Respondent,

v.

LULU B. FLAMER, a/k/a
LULU BELLE FLAMER,

     Defendant-Appellant.

_____

Submitted October 29, 2019 – Decided November 21, 2019

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. F-030588-15.

Lulu B. Flamer, appellant pro se.

Stern & Eisenberg, attorneys for respondent (Salvatore Carollo, on the brief).

PER CURIAM

Defendant Lulu B. Flamer appeals from the denial of her motion to vacate the final judgment of foreclosure and cancel her mortgage pursuant to N.J.S.A. 2A:16-49.1, and the denial of her motion for reconsideration. We affirm.

The facts are not in dispute. On August 26, 1997, defendant borrowed $64,139.84 from Household Finance Corporation III and executed a promissory note. Her Elwood home served as security for the loan.

Defendant failed to make the March 28, 2014 installment payment, and she has not made any payments since that date. The promissory note and mortgage were assigned to plaintiff, U.S. Bank Trust, N.A., on January 15, 2015. On August 28, 2015, plaintiff filed a foreclosure complaint in the trial court.

On October 1, 2015, defendant filed a Chapter 7 bankruptcy petition. Defendant filed an answer and affirmative defenses to the foreclosure complaint on December 4, 2015, denying she was in default, and alleging accord and satisfaction.

On January 8, 2016, defendant was issued an Order of Discharge by the bankruptcy court pursuant to 11 U.S.C. § 727. The Order of Discharge stated, "a creditor with a lien may enforce a claim against the debto[r's] property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage . . . ."

On July 5, 2016, defendant filed a motion for summary judgment in the foreclosure action and plaintiff cross-moved for summary judgment. Defendant's motion was denied and plaintiff's cross-motion was granted on September 30, 2016. After striking defendant's answer, the trial court remanded the case to the Office of Foreclosure to proceed as an uncontested matter.

On October 27, 2016, defendant filed a motion to stay the foreclosure proceeding pending appeal, but she withdrew her appeal on November 15, 2016. Thereafter, on March 3, 2017, plaintiff moved for entry of final judgment. Defendant filed an objection to the amount due, claiming an accord and satisfaction. The trial court ordered plaintiff to submit a certification setting forth defendant's payment history, late charges, and interest owed. Following oral argument on September 18, 2017, the trial court denied defendant's objection to the amount due and entered an order for final judgment of foreclosure.

On October 2, 2017, defendant moved to vacate the final judgment and cancel the mortgage pursuant to N.J.S.A. 2A:16-49.1. Defendant argued that the mortgage loan was discharged under her bankruptcy order prior to the issuance of the final judgment of foreclosure, and therefore, the lien was cancelled. Plaintiff filed opposition to defendant's motion, and the trial court

denied same on October 27, 2017. The trial court denied defendant's motion for reconsideration on December 4, 2017.

Defendant filed another motion to stay the foreclosure proceeding on December 18, 2017, and to vacate the September 18, 2017 final judgment. She again asserted that plaintiff failed to levy on her property during the bankruptcy proceeding, and the lien was discharged. On January 19, 2018, the trial court denied defendant's motion.

A sheriff's sale was scheduled for January 25, 2018. After defendant exercised her two statutory adjournment requests, the sale was rescheduled to February 22, 2018. Thereafter, defendant filed a Chapter 13 bankruptcy petition and an adversary proceeding seeking a determination as to the validity of plaintiff's lien. As a result of the Chapter 13 bankruptcy petition filing, the sheriff's sale was adjourned until February 21, 2019.

The bankruptcy court dismissed defendant's adversary proceeding and her case on November 6, 2018. On February 21, 2019, defendant filed an emergent motion to stay the sheriff's sale and to vacate the foreclosure judgment with the trial court, which was denied. Consequently, the sheriff's sale proceeded on February 21, 2019, and the property was sold back to plaintiff through a bidding process.

A-2208-17T1

Defendant appealed. On appeal, defendant argues that the trial court abused its discretion by failing to vacate the final judgment of foreclosure pursuant to Rule 4:50 and cancel the mortgage under N.J.S.A. 2A:16-49.1.

We note initially that a trial court's determination under Rule 4:50-1 is entitled to substantial deference and will not be reversed in the absence of a clear abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). To warrant reversal of the court's order, the defendant must show that the decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Here, defendant argues that the trial court erred in denying relief under Rule 4:50-1(d), because she claims her mortgage was discharged in the bankruptcy proceeding. She relies on N.J.S.A. 2A:16-49.1. The statute provides:

> At any time after [one] year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, or to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon

which such judgment was recovered, an order shall be made directing said judgment to be canceled and discharged of record; and thereupon the clerk of said court shall cancel and discharge the same by entering on the record or in the margin of the record of judgment, that the same is canceled and discharged by order of the court, giving the date of entry of the order of discharge. Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy.

This statute has been described as a housekeeping measure to assure that judgments discharged in bankruptcy do not remain of record, cloud title, or require payment in the future. The Party Parrot, Inc. v. Birthdays & Holidays, Inc., 289 N.J. Super. 167, 173 (App. Div. 1996); Assocs. Commercial Corp. v. Langston, 236 N.J. Super. 236, 240 (App. Div. 1989).

In the present case, the judgment against plaintiff was entered in September 2017. Therefore, it could not have been discharged in the 2016 bankruptcy order. Further, the statutory remedy was not available to defendant here because plaintiff obtained a final judgment after her discharge in bankruptcy.

A-2208-17T1

The trial judge properly analyzed N.J.S.A. 2A:16-49.1, and duly found the foreclosure action was in rem, and plaintiff had the right to enforce its lien and foreclose on the mortgage notwithstanding defendant's bankruptcy discharge. Defendant discharged the note but the mortgage was not cancelled in the bankruptcy proceeding. The basis for the trial judge's decision is correct. Therefore, there was no abuse of discretion under Rule 4:50-1 to deny the motion to vacate the judgment of foreclosure.

We conclude the remaining arguments to the extent we have not addressed them—lack sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2208-17T1